### UNITED STATES of America

v.

### James WALKER.

### No. CR No. 98–21–N.

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 28, 1998.

Charles F. Teschner, U.S. Atty's Office, Mongomery, AL, for U.S., Plaintiff.

Daniel G. Hamm, Keith & Hamm, Montgomery, AL, for James Walker, defendant.

Joseph (Jay) Brady Lewis, Law Offices of Jay Lewis, Montgomery, AL, Darron C. Hendley, Montgomery, AL, for Andrea Dectrick Christian, defendant.

### *ORDER*

THOMPSON, District Judge.

On May 6, 1998, defendant James Walker pled guilty to a one-count information charging him with possession of less than one gram of cocaine base, a Class–A misdemeanor. This court sentenced him on August 14, 1998, to a term of four months or time served, to be followed by a one-year period of supervised release. Walker began his term of supervised release on August 14, 1998.

On September 22 and October 9, 1998, the probation officer supervising Walker filed petitions charging that Walker had violated the terms and conditions of his supervised release by doing the following: * submitting urine samples that tested positive for cocaine; writing a false answer in his monthly supervision report regarding whether he had possessed or used any illegal drugs; and stating falsely that a urine sample would test positive for marijuana, when it actually tested positive for cocaine.

---

* The October 9 petition amended the September 22 one.

On October 19, 1998, Walker appeared before this court and pled guilty to the three alleged violations of his supervised release. During the plea colloquy, this court advised Walker that the maximum penalty for the offense was a sentence of one year in prison and that the court had the discretion to choose or reject revocation of supervised release as a penalty for the violations.

However, the government, probation officer, and Walker disagreed about what penalty would be available for subsequent violations of supervised release if the court were to impose imprisonment and additional supervised release for the instant violations. At a hearing the following day, the government argued that subsequent violations of the terms and conditions of supervised release would expose Walker to an indefinite period of supervision by the court. The defendant and probation officer disagreed. The court ordered the parties to submit briefs on the issue and also ordered the Federal Defender's Office to file a brief on the issue as amicus curiae.

It now appears that the parties and amicus curiae are in agreement as to the possible consequences for Walker should he violate a subsequently imposed term of supervised release. The parties agree that two subparagraphs in 18 U.S.C.A. § 3583 control. Subparagraph (e)(3) of § 3583 provides that a court may

"revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute ... without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve ... more than one year in any other case [including Class–A misdemeanors]...."

And subparagraph (h) provides:

"Supervised release following revocation.— When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."

Under § 3583(b), the maximum statutorily authorized term of supervised release for a Class–A misdemeanor is one year.

Relying on the above, the court concludes that, if Walker violates supervised release after imprisonment, the court will be authorized, pursuant to § 3583(e)(3), to sentence Walker to a term of no more than one year in custody minus whatever term of imprisonment was imposed for the first revocation. Pursuant to § 3583(h), the court will also be authorized to impose an additional term of supervised release of no more than one year minus the sum of the periods of re-imprisonment imposed as punishment for the violations of supervised release. The court may continue to impose imprisonment and supervised release according to these rules until it has imposed a cumulative sentence of one year in prison, at which point the court will no longer have authority to sentence the defendant to further imprisonment or supervised release.

Accordingly, it is ORDERED that defendant James Walker may be sentenced as set forth above.