# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4037

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Duane Michael Brings Plenty, | * | |
| | * | **[TO BE PUBLISHED]** |
| Appellant. | * | |

_____

Submitted: July 26, 1999
Filed: September 1, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

When a defendant violates one or more conditions of supervised release, the district court may revoke supervised release and sentence the defendant to a term of imprisonment and, if that prison term is less than the maximum, a further term of supervised release. See 18 U.S.C. §§ 3583(e)(3) and (h). The statutes prescribe maximum terms of imprisonment and supervised release. This appeal raises important issues of first impression concerning how to calculate those maximum terms when the offender being sentenced has served a prior revocation prison term.

Duane Michael Brings Plenty was sentenced to fifty-seven months in prison and three years supervised release after pleading guilty to arson of a dwelling in Indian country, a Class C felony. See 18 U.S.C. §§ 81, 1153, 3559(a)(3). He served his prison term and began supervised release. It was revoked, and he was sentenced to an additional six months in prison and a further term of supervised release. After serving the revocation prison term, he again began supervised release and again violated its conditions. After Brings Plenty admitted to a Grade C violation, see U.S.S.G. § 7B1.1(a)(3), p.s., the district court sentenced him to twelve months in prison and two years supervised release. Brings Plenty appeals this sentence. We affirm the prison term but conclude that the supervised release term exceeds the statutory maximum. Accordingly, we remand to reduce that portion of the revocation sentence.

Brings Plenty first argues the district court abused its discretion in imposing a twelve-month revocation prison term for his single admitted violation. See United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review). We disagree. This was his second failure to comply with the conditions of supervised release; in this case, he was terminated from a community corrections center residency program for refusing to maintain employment. The court's remarks during the revocation hearing evince consideration of the relevant factors in 18 U.S.C. § 3553(a) and demonstrate that the sentence imposed was a carefully considered exercise of discretion. See United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995).

Alternatively, Brings Plenty argues the district court's revocation sentence exceeds the authorized statutory maximums because the court failed to take into account Brings Plenty's prior revocation prison sentence. This is a more difficult issue, one we review *de novo*. We look first at the prison term portion of the present revocation sentence. Section 3583(e)(3) provides "that a defendant whose term is revoked under this paragraph may not be required to serve more than [2] years in prison if the offense that resulted in the term of supervised release . . . is a class C or D felony." Thus, Brings Plenty's revocation prison sentence may be no more than two

years. The statute expressly provides that "time previously served on postrelease supervision" does not count against the prison term that may be imposed upon revocation, but the statute is silent regarding time previously served in prison under a prior revocation sentence. The government concedes that all revocation prison sentences should be aggregated in calculating this two-year maximum; that is, the six months Brings Plenty served in prison under his first revocation sentence should be counted in calculating his two-year maximum prison sentence under § 3583(e)(3). We agree. However, while this is an important issue, it does not help Brings Plenty's appeal because the twelve-month revocation prison term he appeals plus the six months served in prison under the prior revocation sentence total only eighteen months, well within the two-year statutory maximum for a Class C felony under § 3583(e)(3).

The aggregation issue becomes more significant to Brings Plenty when we turn to the supervised release portion of his revocation sentence. Under § 3583(h), if the court revokes supervised release and sentences defendant to the maximum authorized prison term, it may not impose an additional term of supervised release. See United States v. St. John, 92 F.3d 761, 765-66 (8th Cir. 1996). When the court imposes a lesser prison sentence together with an additional term of supervised release, the length of the supervised release portion of the revocation sentence -

> shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Section 3583(h) (emphasis added). We conclude that the plain meaning of the reference to "any term of imprisonment" includes the prison term in the current revocation sentence together with all prison time served under any prior revocation sentence(s). Here, Brings Plenty's maximum supervised release term for his original conviction was three years. See 18 U.S.C. § 3583(b)(2). His aggregate revocation

-3-

prison sentence is eighteen months. The length of the additional term of supervised release that may now be imposed is three years less eighteen months, or eighteen months. Thus, his twenty-four-month term of supervised release exceeds the applicable statutory maximum.

We note that our conclusions find strong support in the legislative history of the amendments to § 3583 enacted in 1994. The sponsor of an earlier bill containing nearly identical provisions submitted the following explanation of their practical effect:

> For example, in the case of a Class C felony for which the maximum supervised release term is three years, a defendant who is revoked and re-imprisoned for 18 months could be ordered to serve as much as 18 additional months on supervised release (36-month maximum term of supervised release minus 18 months imprisonment equals 18 months possible re-release supervision). If the same defendant was again revoked, he could be re-imprisoned for not exceeding six months (24-month cap minus 18 months previously-served imprisonment equals 6 months allowable imprisonment) and if so imprisoned, could not thereafter be placed on supervision (because the two-year imprisonment cap would have been reached). Thus, under [the amendments], a defendant would always be credited for incarceration time against both the cap on re-imprisonment and the maximum authorized period of supervised release.

137 Cong. Rec. S7769-72 (daily ed. June 13, 1991); see United States v. Beals, 87 F.3d 854, 857-58 (7th Cir. 1996);[1] United States v. Walker, 32 F. Supp. 2d 1305 (M.D. Ala. 1998).

---

[1]Beals was overruled in part on other grounds in United States v. Withers, 128 F.3d 1167, 1172 (7th Cir.1997), cert. denied, 119 S. Ct. 79 (1998).

The November 2, 1998, judgment of the district court is reversed and the case is remanded with instructions to reduce the supervised release portion of Brings Plenty's revocation sentence to eighteen months.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.