**UNITED STATES of America,**
**Appellee,**

v.

**John MERCED, Defendant–Appellant.**

**Docket No. 00–1810.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 10, 2001.

Decided Aug. 29, 2001.

David P. Burns, for Mary Jo White, United States Attorney for the Southern District of New York, (Baruch Weiss, on the brief), for Appellee.

Steven M. Statsinger, The Legal Aid Society, Federal Defender Division, New York, NY, for Defendant–Appellant.

Before: MINER, JACOBS, and CALABRESI, Circuit Judges.

PER CURIAM:

Defendant–Appellant John Merced appeals the sentence imposed by the United States District Court for the Southern District of New York (Batts, *Judge* ) following Defendant's second violation of the terms of his supervised release arising from the same conviction.

After serving a term of incarceration in connection with a federal conviction for narcotics distribution, Merced was transferred to the custody of LeMarquis Community Corrections Center in New York. He fled, was arrested, and pled guilty in April 1997 to a one-count indictment charging him with escape from a halfway house in violation of 18 U.S.C. §§ 751(a) and 4082(a), a class D felony. For this, he was sentenced to 24 months' imprisonment, followed by three years' supervised release and a $100 special assessment. After Merced's release from prison in August 1998, he began serving his term of supervised release. As a condition of his supervised release, Merced was required to participate in a long-term residential substance abuse program.

In December 1999, following a petition by the Probation Department stating that he had violated the terms of his supervised release, Merced was detained once more. He pled guilty to a number of the specifications in the Probation Department's petition and was sentenced to time-served (which amounted to six months and eight days' imprisonment) and an additional term of supervised release. As before, the latter was conditioned on Merced's participation in a residential substance abuse program.

Shortly thereafter, Merced again violated the terms of his supervised release by refusing to comply with a referral to residential drug treatment. As a result, on December 18, 2000, the district court sentenced Merced to an additional term of 24 months' imprisonment, which it characterized as the maximum statutory period to which he could be sentenced.

Merced promptly moved for re-sentencing pursuant to Fed.R.Crim.P. 35(c) on the

grounds that the sentence of 24 months' imprisonment, when coupled with the six months and eight days that Merced had served in connection with his first violation of supervised release, exceeded the two-year statutory maximum authorized for a violation of supervised release on a class D felony under 18 U.S.C. § 3583(e)(3). The government expressed agreement with Appellant's position that the two-year statutory maximum was an aggregate maximum for all violations of supervised release relating to the same underlying conviction and was not a per violation maximum.

On January 11, 2001, the district court denied Merced's Rule 35(c) request for re-sentencing. It stated that Appellant's motion was untimely because the seven-day period within which sentencing errors must be corrected under Rule 35(c) had expired. The district court noted that although Appellant's counsel submitted his motion to the district judge's chambers on December 22, 2000, those chambers were closed from December 22, 2000 through January 1, 2001. And, thus, by the time the district court received Appellant's motion, the seven-day time period had expired. The district court went on to say that even if the court had jurisdiction to amend Merced's sentence, it would not grant the requested relief because it found the reasoning in the cases cited by Appellant and the government unpersuasive.

Merced appeals the sentence imposed by the district court. We conclude that the district court's sentence of 24 months' imprisonment following Merced's second violation of his supervised release, when coupled with Merced's prior sentence of six months and eight days for his earlier supervised release violation in connection with the same underlying conviction, was imposed in violation of law.

\*　　\*　　\*　　\*　　\*　　\*

In assessing Appellant's claims and the sentence imposed by the district court, we review *de novo* the district court's legal determinations. *See United States v. Johnson*, 221 F.3d 83, 94 (2d Cir.2000).

We find implausible the notion that, because the district judge's chambers were "closed from December 22, 2000 through January 1, 2001," the district court was unable to receive Appellant's motion on a date that was timely under Fed.R.Crim.P. 35(c). But, since Appellant does not now challenge the propriety of the district court's determination, we do not reach the question of whether his Rule 35(c) motion was timely.

■■　Our precedents make clear that the imposition of a sentence in violation of law is plain error. *See United States v. A-Abras Inc. .*, 185 F.3d 26, 30 (2d Cir.1999). As a result, a defendant has a right to appeal such a sentence, pursuant to 18 U.S.C. § 3742(a), regardless of whether the defendant made a timely motion to the district court to correct the sentence within the seven-day time period set forth in Fed.R.Crim.P. 35(c). *See United States v. Abreu–Cabrera*, 64 F.3d 67, 74 (2d Cir. 1995) ("In the event [a sentencing] error is only recognized [after the Rule 35(c) time period has expired,] it can be cured by appeal and remand."). The issue that Appellant raises is therefore properly before us.

This appeal raises issues of first impression in this circuit concerning the interpretation of the statutes prescribing maximum terms of imprisonment for multiple violations of supervised release. The applicable statute, 18 U.S.C. § 3583(e)(3), provides, in relevant part, that a district court, after considering certain factors, may

revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of

supervised release ... if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than ... 2 years in prison if such offense is a class C or D felony. . . .

18 U.S.C. § 3583(e)(3) (1994). Furthermore, 18 U.S.C. § 3583(h) provides:

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, *less any term of imprisonment that was imposed upon revocation of supervised release.*

*Id.* § 3583(h) (emphasis added).

■ The Seventh and Eighth Circuits have concluded that the statutory maximum periods of imprisonment authorized under 18 U.S.C. § 3583(e) "include[ ] the prison term in the current revocation sentence together with all prison time served under any prior revocation sentence(s)" related to the same underlying offense. *United States v. Brings Plenty*, 188 F.3d 1051, 1053 (8th Cir.1999); *see also United States v. Beals*, 87 F.3d 854, 858 (7th Cir. 1996), *overruled on other grounds by United States v. Withers*, 128 F.3d 1167 (7th Cir.1997). Accordingly, "all revocation prison sentences [relating to the same class C or D felony offense] should be aggregated in calculating th[e] two-year maximum." *Brings Plenty*, 188 F.3d at 1053.

■ We disagree with the district court's view that the reasoning underlying these cases is unpersuasive and join the Seventh and Eighth Circuits in holding that 18 U.S.C. §§ 3583(e)(3) and (h) provide for aggregated, rather than per violation, statutory maximum terms of imprisonment for violations of supervised release. Subsection (h) allows for the reimposition of a term of supervised release after the completion of a prior period of revocation only when that prior term was "less than the maximum term of imprisonment authorized under subsection (e)(3)." 18 U.S.C. § 3583(h). Accordingly, once the statutory maximum period established by subsection (e)(3) has been exhausted, supervised release is at an end. And we reject as unsupported in the statutory language any interpretation that would allow a court that sentenced a defendant who violates the terms of his supervised release to the statutory maximum period minus one day then to reset the clock at the completion of that imprisonment term and, once again, sentence the defendant to nearly the statutory maximum imprisonment term. This would permit an endless cycle of consecutive terms of imprisonment and supervised release based on a single underlying offense, a result that Congress gave no indication whatsoever of intending.

The position of the Seventh and Eighth Circuits, which we join, is, moreover, not only supported by the plain language of the statutes, but also by the legislative history of the amendments to 18 U.S.C. § 3583 that were enacted in 1994. The sponsor of an earlier bill containing nearly identical provisions to subsection (h) expressly explained that the imposition of an additional term of supervised release following the revocation of supervised release and re-imprisonment was authorized only if the defendant had served less time in prison for previous supervised release vio-

38

lations than the maximum authorized period of re-imprisonment. *See* 137 Cong. Rec. S7769-01, S7771 (daily ed. June 13, 1991); *see also Brings Plenty,* 188 F.3d at 1054; *Beals,* 87 F.3d at 857–58.

The sentence of 24 months' imprisonment imposed by the district court is therefore VACATED and the case is REMANDED to the district court with instructions to re-sentence Appellant. In doing so, the district court must see to it that the sentences imposed for Merced's multiple violations of the terms of his supervised release in connection with his escape conviction do not, in the aggregate, exceed the two-year statutory maximum authorized for a violation of supervised release on a class D felony under 18 U.S.C. § 3583(e)(3).