United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

Revised May 8, 2003

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11222

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES N. JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

Before GARWOOD, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Appellant Charles N. Jackson was convicted, pursuant to his guilty plea, of one count of aiding and abetting bank theft exceeding $100 on May 16, 1995 contrary to 18 U.S.C. §§ 2, 2113(b) for which he was sentenced on April 25, 1997, to eighteen months' incarceration and a three year term of supervised released. He was also ordered to pay a $50 special assessment and $30,000 in

restitution. The remaining counts of indictment in which Jackson was charged were then dismissed. Jackson appealed and on March 26, 1998, this court affirmed his conviction and sentence. Jackson's said three year term of supervised release began on July 13, 1998. On September 21, 2000, the district court revoked Jackson's supervised release and sentenced him to twenty-three months' incarceration and twelve months of supervised release. Jackson appealed and this court, on August 28, 2001, affirmed the district court's September 21, 2000 judgment. On October 24, 2002, the district court revoked Jackson's supervised release which had been imposed on September 21, 2000, and sentenced him to eighteen months' incarceration (no further supervised release was imposed).

Jackson now appeals the district court's October 24, 2002 judgment. He contends that because his underlying offense of conviction is concededly a class C felony, 18 U.S.C. § 3559(a)(3),[1] and because it is undisputed that on revocation of supervised release no more than two years' imprisonment may be imposed if the offense that resulted in the term of supervised release is a class

---

[1]When the underlying offense was committed, in May 1995, bank theft exceeding $100 carried a maximum imprisonment term of ten years, while such theft in an amount not exceeding $100 carried a maximum term of one year. 18 U.S.C. § 2113(b) (1995). By § 606(a) of Pub. L. 104-294, 110 Stat. 3511, effective October 11, 1996, the figure "$1,000" was substituted for "$100" throughout § 2113. An offense carrying a maximum sentence of less than 25 years but ten or more years is a Class C felony. § 3559(a)(3).

2

C felony, 18 U.S.C. § 3583(e)(3),[2] that therefore on the October 24, 2002 revocation of his supervised release he could be sentenced to no longer term of imprisonment than one month-instead of the eighteen months' imprisonment imposed by the district court-since he had already been sentenced to twenty-three months' imprisonment on the September 21, 2000 revocation of the supervised release imposed in April 1997 as part of his original sentence for the

---

[2]§ 3583(e) provides that
    "The court may . . .
        (1) . . .
        (2) . . .
        (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case; or
        (4) . . . ."

3

underlying offense. Jackson contends, in other words, that the two year maximum provided for in section 3583(e)(3) applies on a cumulative basis and not separately to each time supervised release is revoked. The Government now concedes that Jackson is correct and that on the October 24, 2002 revocation the district court could not have imposed any term of imprisonment in excess of one month. The Government's concession is supported by the legislative history to the 1994 amendments to section 3583, which added subsection (h) to section 3583[3] and also, *inter alia*, amended paragraph (3) of subsection (e) of section 3583 in diverse respects essentially immaterial to the present issue.[4] *See United States v.*

---

[3]Subsection (h) of § 3583 provides:
> "**(h) Supervised release following revocation.--**
> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."

[4]Before the 1994 amendments, § 3583(e)(3) provided as follows:
> "(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person

4

*Beals*, 87 F.3d 854, 857-58 (7th Cir. 1996) (overruled in part on other grounds, *United States v. Withers*, 128 F.3d 1167, 1172 (7th Cir. 1997), *cert. denied*, 119 S.Ct. 79 (1998)); *United States v. Brings Plenty*, 188 F.3d 1051, 1054 (8th Cir. 1999); *United States v. Merced*, 263 F.3d 34, 37-38 (2d Cir. 2001), all relying on statements of the sponsor of the 1991 bill "containing nearly identical provisions" to those which became the relevant portions of the 1994 amendments to section 3583.[5]  *Brings Plenty* at 1054; *Merced* at 37-38.  *Merced* and *United States v. Swenson*, 289 F.3d 676 (10th Cir. 2002), are direct holdings that, as applied here, would limit Jackson's confinement imposed on the October 24, 2002,

---

> violated a conviction of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony."

The 1994 amendments rewrote § 3583(e)(3) into its present language (see note 2, *supra*).  The substantive changes appear to be essentially the following, viz: (i) the insertion of "authorized by statute for the offense that resulted in such term of supervised release" just before the words "without credit", thus removing the otherwise arguable limitation that a prison term imposed could never be longer than the term of the revoked supervised release; and (ii) the addition of an express 5 year limitation on prison terms for class A felonies.

[5]See 137 Cong. Rec. S 7769-72 (daily ed. June 13, 1991).

revocation to one month.[6]  No Circuit court decision of which we are aware has held the contrary, and any such holding on our part would create a circuit split.

We accordingly accept the Government's confession of error.[7]

---

[6]*Brings Plenty* did not involve the length of confinement, but rather the length of supervised release, imposable in such a situation.  *Beals* was an ex post facto challenge to a term of supervised release imposed on initial revocation and its result does not in any sense appear to rest on its statements concerning confinement imposable on a second revocation being limited by credit for confinement imposed on the initial revocation.

[7]Our acceptance of the Government's concession is *dubitante*. The principal thrust of the relevant portions of the 1991 bill, the substance of which later became the 1994 amendments to § 3583, was the addition of subsection (h) of § 3583 which for the first time expressly authorized the imposition of supervised release when sentencing a defendant on revocation of supervised release.  In that situation, the first sentence of subsection (h) provides supervised release may be imposed if the sentence on revocation includes confinement less than the maximum authorized by § 3583(e)(3).  Subsection (h) does not in any way address the length of confinement that can be imposed on revocation of supervised release, but only the length of the new term of supervised release. The length of *that* term is limited by the last sentence of subsection (h) to the maximum authorized for "the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."  The only portion of § 3583 which limits the length of imprisonment imposable on revocation of supervised release is § 3583(e)(3), and none of its limits expressly take into account the length of any previously imposed imprisonment.  Nor do the 1994 amendments make any change in that respect in § 3583(e)(3).  Arguably, the result in *Merced* and *Swenson* is contrary to the plain meaning of §§ 3583(e)(3) and 3583(h).  Moreover, *Merced's* concern that a contrary holding "would permit an endless cycle of consecutive terms of imprisonment and supervised release based on a single underlying offense," *id*. at 37, neglects to consider that no supervised release may be imposed on revocation if imprisonment to the maximum authorized by § 3583(e)(3) is imposed *or* if the confinement that was imposed on previous revocation amounts to as much as the maximum supervised release term authorized for the original offense (three years for a class C felony, 18 U.S.C. § 3583(b)(2)).

6

We therefore modify the district court's October 24, 2002 order so that the sentence imposed is one month's confinement and affirm as so modified.[8]

AFFIRMED as MODIFIED

_____

[8]Jackson has served the one month maximum term of imprisonment authorized. As his term of supervised release imposed September 21, 2000, has been revoked, it is no longer in effect and Jackson has now discharged his April 25, 1997 sentence. We conclude that Jackson has abandoned (or in effect treated as a contention made only if we reject his contention as to the maximum confinement imposable at his October 24, 2002 revocation) his contention that he is entitled to a new revocation hearing because he was wrongfully denied his requested continuance of the October 24, 2002 hearing.