United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30292
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN M. HONORE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CR-133-ALL-S
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Steven M. Honore appeals his 24-month sentence imposed following the revocation of his supervised release. Honore was initially convicted of three drug-trafficking offenses and was sentenced to 24-month terms of imprisonment to be followed by three-year terms of supervised release. Following an initial revocation of his term of supervised release, Honore was sentenced to a term of imprisonment of eight months. Honore's supervised release was again revoked, and the district court imposed a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence of 24 months.

Honore argues that the district court plainly erred in imposing a 24-month sentence following the second revocation because he had already served eight months in connection with the first revocation of his probation.

The Government concedes that in light of <u>United States v. Jackson</u>, 329 F.3d 406 (5th Cir. 2003), which was decided after Honore was sentenced, the statutory maximum sentence for revocation of supervised release must be applied on a cumulative basis and that the 24-month sentence imposed by the district court exceeded that statutory maximum. Under <u>Jackson</u>, the maximum sentence of imprisonment that the district court could impose was 16 months. 329 F.3d at 407. Thus, the district court plainly erred in imposing the 24-month sentence. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993).

The sentence imposed by the district court is VACATED, and the case is REMANDED for resentencing in light of <u>Jackson</u>.

VACATE SENTENCE AND REMAND FOR RESENTENCING.