

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2008

# USA v. Bandy

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3862

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Bandy" (2008). *2008 Decisions.* Paper 1150.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1150

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3862

UNITED STATES OF AMERICA

v.

KEVIN BANDY
a/k/a
"ATIR COLEMAN"

Kevin Bandy,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 92-cr-00448-1)
District Judge:  The Honorable Marvin Katz

Submitted Under Third Circuit LAR 34.1(a)
May 5, 2008

Before: SCIRICA, Chief Judge, BARRY and HARDIMAN, Circuit Judges

(Opinion Filed: May 22, 2008)

OPINION

BARRY, Circuit Judge

Appellant Kevin Bandy appeals from a sentence of twelve months' imprisonment imposed on him for violating the terms of his supervised release. We will affirm.

## I.

Bandy pled guilty in 1992 to one count of interference with commerce by robbery and one count of interstate transportation of stolen property. He was sentenced to seventy months' imprisonment to be followed by three years of supervised release. After his release from prison, Bandy violated the terms of his supervised release. On October 19, 2000, the District Court held a violation hearing and, pursuant to 18 U.S.C. § 3583(e)(3), revoked Bandy's supervised release and ordered him to serve a term of imprisonment of twelve months, which was to be followed by two years' supervised release.

On February 27, 2007, Bandy was again released from prison and commenced his two years of supervised release. He did not, however, as required by the terms of his release, report to his probation officer within seventy-two hours. Furthermore, on May 21, 2007, he was arrested for larceny, and pled guilty on August 15, 2007. A violation hearing was held on September 25, 2007. The District Court determined that Bandy's failure to timely report to his probation officer constituted a grade C violation of the terms and conditions of his supervised release, *see* U.S.S.G. 7B1.1(a)(3), and that his August 15, 2007 guilty plea constituted a grade B violation, *see* U.S.S.G. 7B1.1(a)(2). The Court revoked his term of supervised release and sentenced him to a term of imprisonment of twenty-one months.

Two days later, on September 27, 2007, the parties filed a joint motion to correct

2

the sentence for clear error under Federal Rule of Criminal Procedure 35(a).[1]  They

claimed that because the offenses of which Bandy was originally convicted were class C

felonies, *see* 18 U.S.C. § 3559(a)(3), he could serve no more than two years'

imprisonment for violating a term of his supervised release, *id.* § 3583(e)(3).  Because he

had served twelve months' imprisonment after the revocation of his first term of

supervised release, the parties believed he could only serve another twelve months

imprisonment.  Implicit in their argument was the idea that the maximum two-year

imprisonment for violations of one's supervised release was cumulative, that is, it did not

apply to each violation but instead applied to the aggregated violations.

The District Court agreed, holding that while we had not yet spoken on the issue,

every other circuit court that had found that the two-year maximum applies on a

cumulative basis[2]—*viz.*, Bandy could serve no more than a total of two years'

imprisonment for any number of revocations that resulted in imprisonment.

Consequently, the District Court reduced Bandy's term of imprisonment to twelve

months.

[1]  That rule states that "[w]ithin 7 days after sentencing, the court may correct a
sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim.
Proc. 35(a).

[2]  We note, without reaching the issue ourselves, that the District Court cited the
following cases in support of its conclusion:  *United States v. Tapia-Escalera*, 356 F.3d
181, 187-88 (1st Cir. 2004); *United States v. Jackson*, 329 F.3d 406, 408 (5th Cir. 2003);
*United States v. Merced*, 263 F.3d 34, 37 (2d Cir. 2001); *United States v. Brings Plenty*,
188 F.3d 1051, 1053 (8th Cir. 1999); and *United States v. Beals*, 87 F.3d 854, 858 (7th
Cir. 1996), *overruled on other grounds*, *United States v. Withers*, 128 F.3d 1167, 1172
(7th Cir. 1997).

## II.

Federal Rule of Criminal Procedure 43(b)(4) provides that a defendant need not be present in the event of a correction or reduction of his or her sentence under Rule 35. Bandy argues, however, that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), impliedly rendered Rule 43(b)(4) unconstitutional such that a sentence correction under Rule 35(a)—where a correction is made due to "arithmetical, technical, or other clear error"—requires the defendant to be present. This is so, he argues, because a sentence correction is now more akin to a "complete sentencing on remand" (Appellant's Br. 11), an event at which a defendant's presence is required. *See* Fed. R. Crim. Proc. 43(a).

We need not decide whether there is any merit to Bandy's argument because he waived any purported Rule 43 right to be present when he failed to assert this right at the time the joint motion was filed.[3] *United States v. Bertoli*, 40 F.3d 1384, 1398 (3d Cir. 1994) ("The contemporaneous objection rule, that the failure contemporaneously to assert a right constitutes a waiver of that right, applies to a criminal defendant's right to be present under Rule 43."); *cf. United States v. Gagnon*, 470 U.S. 522, 529 (1985) (per curiam) ("[F]ailure by a criminal defendant to invoke his right to be present under Federal

---

[3] Bandy argues, and only in his reply brief, that no waiver was effectuated because the record does not show that he, as opposed to his counsel, knew that the Court was asked to correct the sentence to twelve months imprisonment without a request that he be present. Consequently, the argument goes, his letter to the Court, sent three weeks after his sentence had been reduced, served as a timely assertion of his purported Rule 43 right. We disagree. *See Bertoli*, 40 F.3d at 1398.

Rule of Criminal Procedure 43 at a conference which he knows is taking place between the judge and a juror in chambers constitutes a valid waiver of that right.").  Indeed, it is fair to assume that there was no request to be present because the Government had already agreed to reduce the sentence to twelve months and because the Court's act of correcting the sentence was a plainly ministerial function that did not require either party's presence.

Bandy also argues that the sentence imposed was procedurally and substantively unreasonable, even though, as the Government points out, he got precisely what he asked for—a twelve-month sentence.  Bandy waived his right to challenge his sentence on these alternative grounds; indeed, by asking for a twelve month sentence, he effectively conceded that that sentence was entirely reasonable.

We will affirm the judgment of the District Court.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3862

———————

UNITED STATES OF AMERICA

v.

KEVIN BANDY
a/k/a
"ATIR COLEMAN"

Kevin Bandy,
                    Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 92-cr-00448-1)
District Judge:  The Honorable Marvin Katz

———————

Submitted Under Third Circuit LAR 34.1(a)
May 5, 2008

———————

Before: SCIRICA, Chief Judge, BARRY and HARDIMAN, <u>Circuit Judges</u>

(Opinion Filed: May 22, 2008)

———————

OPINION

———————

BARRY, <u>Circuit Judge</u>

Appellant Kevin Bandy appeals from a sentence of twelve months' imprisonment imposed on him for violating the terms of his supervised release. We will affirm.

**I.**

Bandy pled guilty in 1992 to one count of interference with commerce by robbery and one count of interstate transportation of stolen property. He was sentenced to seventy months' imprisonment to be followed by three years of supervised release. After his release from prison, Bandy violated the terms of his supervised release. On October 19, 2000, the District Court held a violation hearing and, pursuant to 18 U.S.C. § 3583(e)(3), revoked Bandy's supervised release and ordered him to serve a term of imprisonment of twelve months, which was to be followed by two years' supervised release.

On February 27, 2007, Bandy was again released from prison and commenced his two years of supervised release. He did not, however, as required by the terms of his release, report to his probation officer within seventy-two hours. Furthermore, on May 21, 2007, he was arrested for larceny, and pled guilty on August 15, 2007. A violation hearing was held on September 25, 2007. The District Court determined that Bandy's failure to timely report to his probation officer constituted a grade C violation of the terms and conditions of his supervised release, *see* U.S.S.G. 7B1.1(a)(3), and that his August 15, 2007 guilty plea constituted a grade B violation, *see* U.S.S.G. 7B1.1(a)(2). The Court revoked his term of supervised release and sentenced him to a term of imprisonment of twenty-one months.

Two days later, on September 27, 2007, the parties filed a joint motion to correct

2

the sentence for clear error under Federal Rule of Criminal Procedure 35(a).[1] They

claimed that because the offenses of which Bandy was originally convicted were class C

felonies, *see* 18 U.S.C. § 3559(a)(3), he could serve no more than two years'

imprisonment for violating a term of his supervised release, *id.* § 3583(e)(3). Because he

had served twelve months' imprisonment after the revocation of his first term of

supervised release, the parties believed he could only serve another twelve months

imprisonment. Implicit in their argument was the idea that the maximum two-year

imprisonment for violations of one's supervised release was cumulative, that is, it did not

apply to each violation but instead applied to the aggregated violations.

     The District Court agreed, holding that while we had not yet spoken on the issue,

every other circuit court that had found that the two-year maximum applies on a

cumulative basis[2]—*viz.*, Bandy could serve no more than a total of two years'

imprisonment for any number of revocations that resulted in imprisonment.

Consequently, the District Court reduced Bandy's term of imprisonment to twelve

months.

---

  [1] That rule states that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. Proc. 35(a).

  [2] We note, without reaching the issue ourselves, that the District Court cited the following cases in support of its conclusion: *United States v. Tapia-Escalera*, 356 F.3d 181, 187-88 (1st Cir. 2004); *United States v. Jackson*, 329 F.3d 406, 408 (5th Cir. 2003); *United States v. Merced*, 263 F.3d 34, 37 (2d Cir. 2001); *United States v. Brings Plenty*, 188 F.3d 1051, 1053 (8th Cir. 1999); and *United States v. Beals*, 87 F.3d 854, 858 (7th Cir. 1996), *overruled on other grounds*, *United States v. Withers*, 128 F.3d 1167, 1172 (7th Cir. 1997).

## II.

Federal Rule of Criminal Procedure 43(b)(4) provides that a defendant need not be present in the event of a correction or reduction of his or her sentence under Rule 35. Bandy argues, however, that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), impliedly rendered Rule 43(b)(4) unconstitutional such that a sentence correction under Rule 35(a)—where a correction is made due to "arithmetical, technical, or other clear error"—requires the defendant to be present. This is so, he argues, because a sentence correction is now more akin to a "complete sentencing on remand" (Appellant's Br. 11), an event at which a defendant's presence is required. *See* Fed. R. Crim. Proc. 43(a).

We need not decide whether there is any merit to Bandy's argument because he waived any purported Rule 43 right to be present when he failed to assert this right at the time the joint motion was filed.[3] *United States v. Bertoli*, 40 F.3d 1384, 1398 (3d Cir. 1994) ("The contemporaneous objection rule, that the failure contemporaneously to assert a right constitutes a waiver of that right, applies to a criminal defendant's right to be present under Rule 43."); *cf. United States v. Gagnon*, 470 U.S. 522, 529 (1985) (per curiam) ("[F]ailure by a criminal defendant to invoke his right to be present under Federal

---

[3] Bandy argues, and only in his reply brief, that no waiver was effectuated because the record does not show that he, as opposed to his counsel, knew that the Court was asked to correct the sentence to twelve months imprisonment without a request that he be present. Consequently, the argument goes, his letter to the Court, sent three weeks after his sentence had been reduced, served as a timely assertion of his purported Rule 43 right. We disagree. *See Bertoli*, 40 F.3d at 1398.

Rule of Criminal Procedure 43 at a conference which he knows is taking place between the judge and a juror in chambers constitutes a valid waiver of that right."). Indeed, it is fair to assume that there was no request to be present because the Government had already agreed to reduce the sentence to twelve months and because the Court's act of correcting the sentence was a plainly ministerial function that did not require either party's presence.

Bandy also argues that the sentence imposed was procedurally and substantively unreasonable, even though, as the Government points out, he got precisely what he asked for—a twelve-month sentence. Bandy waived his right to challenge his sentence on these alternative grounds; indeed, by asking for a twelve month sentence, he effectively conceded that that sentence was entirely reasonable.

We will affirm the judgment of the District Court.