IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-20459
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RYAN ANTHONY BURRELL

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-389-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ryan Anthony Burrell appeals the 21-month sentence imposed upon revocation of his second term of supervised release. He argues that the sentence is procedurally unreasonable because the district court imposed a sentence outside the advisory guidelines range and failed to explain adequately the basis for its deviation. He further argues that the sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court may impose any sentence that falls within the maximum term of imprisonment allowed by statute for the revocation sentence. 18 U.S.C. § 3583(e)(3). In doing so, the district court is to consider the factors set forth in 18 U.S.C. § 3553(a) and the advisory policy statements found in Chapter Seven of the Guidelines. United States v. Mathena, 23 F.3d 87, 90 (5th Cir. 1994). The statutory maximum term of imprisonment upon the revocation of Burrell's first term of supervised release in 2006 was two years. See § 3583(e)(3). Burrell served three months in prison after the revocation of his first term of supervised release. Thus, the maximum sentence of imprisonment that could be imposed upon the revocation of his second term of supervised release was 21 months. See United States v. Jackson, 329 F.3d 406, 407 (5th Cir. 2003). Accordingly, although the 21-month sentence imposed by the district court exceeded the maximum advisory guideline range of three to nine months, it was not unreasonable or plainly unreasonable. See United States v. McKinney, 520 F.3d 425, 428 (5th Cir. 2008).

Burrell's argument that the district court did not adequately articulate its sentencing reasons also fails. The record reflects that the district court took into account the nonbinding policy statements of Chapter 7 of the Sentencing Guidelines as well as the sentencing factors set forth in § 3553(a). See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005). The court determined that a 21-month sentence was appropriate given Burrell's pattern of non-compliant behavior and demonstrable history of substance abuse. The inability of the district court to insure that Burrell would be placed in a facility offering drug treatment or that Burrell would receive treatment once he was imprisoned does not render his sentence unreasonable or plainly unreasonable. See 18 U.S.C. § 3621; United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993) (decision whether a prisoner received treatment for substance abuse is left to the discretion of the Bureau of Prisons). Thus, the judgment is AFFIRMED.