# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-2568

———————————————

United States of America

*Plaintiff - Appellee*

v.

Gabe Key

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota - St. Paul

——————————

Submitted: January 14, 2013
Filed: January 25, 2013
[Unpublished]

——————————

Before BYE, MELLOY, and SMITH, Circuit Judges.

——————————

PER CURIAM.

Gabe Key appeals a twenty-four month sentence imposed by the district court[1] after Key violated the terms of his supervised release. Key claims the twenty-four

———————————————

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

month sentence is substantively unreasonable. Key also appeals the district court's imposition of an additional year of supervised release, contending the district court lacked authority to impose an additional term of supervised release because the twenty-four month sentence was the maximum authorized revocation sentence the district court could have imposed. See United States v. Brings Plenty, 188 F.3d 1051, 1053 (8th Cir. 1999) (per curiam) ("Under § 3583(h), if the court revokes supervised release and sentences the defendant to the maximum authorized prison term, it may not impose an additional term of supervised release.").

Reviewing the substantive reasonableness of Key's sentence for an abuse of discretion, United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam), we find no abuse of discretion. The sentence was within the advisory guidelines range and therefore presumed reasonable on appeal. See, e.g., United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009). In addition, the record shows the district court adequately considered the factors set forth at 18 U.S.C. § 3553(a) and sufficiently explained its reasons for imposing a twenty-four month sentence. Specifically, the district court noted the seriousness of the supervised release violation (selling crack cocaine), and the fact that Key showed a pattern of noncompliance by committing three violations of supervised release in a span of ten months.

We also reject Key's reliance upon Brings Plenty to contend the district court lacked authority to impose an additional year of supervised release. As we recently noted in United States v. Zoran, 682 F.3d 1060 (8th Cir. 2012), § 3583(h) has been amended since we decided Brings Plenty. The amended version of § 3583(h) governs Key's sentence and did not prohibit the district court from imposing an additional year of supervised release. Zoran, 682 F.3d at 1063.

We affirm the judgment of the district court in all respects.

_____