NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2013
Decided September 3, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1322

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:98CR40075-002-JPG |
| FERNANDEZ M. WHITE, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Fernandez White pleaded guilty in 1998 to drug crimes committed that same year. *See* 21 U.S.C. § 841(a)(1), 846. He was sentenced to a total of 132 months in prison to be followed by 5 years of supervised release. White was released from prison in 2008. Within a matter of months he violated the conditions of his supervised release, which was revoked. He was reimprisoned for 3 more days and again released on supervision, but his ongoing drug use resulted in a second revocation in 2009. *See* 18 U.S.C. § 3583(e)(3), (h) (1994). This time the district court ordered White to serve 36 months in prison to be followed by a third term of supervised release.

White was released from prison in 2012 and commenced the third term of supervised release, but before long his probation officer had petitioned yet again for revocation. White admitted several violations, including possession of controlled substances. The district court revoked his supervised release and imposed 18 months' reimprisonment. White filed a notice of appeal, but his appointed lawyer asserts that the possible appellate claims are frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited White to comment on counsel's motion, but he did not respond. *See* CIR. R. 51(b). We limit our review to the potential issues discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel informs us that White wishes to challenge the revocation, and thus the lawyer appropriately explores whether White could claim that the decision to revoke his supervised release was an abuse of discretion. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010) But White's admission to possessing drugs meant that revocation and prison were mandated by statute. *See* 18 U.S.C. § 3583(g)(1) (1994). And, as counsel points out, the judge conducted a lengthy colloquy with White, which satisfies us that his admissions were knowing and voluntary. *See* FED. R. CRIM. P. 32.1; *United States v. LeBlanc*, 175 F.3d 511, 516–17 (7th Cir. 1999). The judge explained the nature of the alleged violations, told White the consequences of admitting their truth (including that he was giving up his rights to present witnesses and confront adverse witnesses, *see* FED. R. CRIM. P. 32.1(b)(2)), and ensured that no one had induced his admissions.

Counsel next considers whether White could argue that the term of 18 months' reimprisonment is plainly unreasonable. *See United States v. Jackson*, 549 F.3d 1115, 1118 (7th Cir. 2008); *United States v. Kizeart*, 505 F.3d 672, 674–75 (7th Cir. 2007). We agree with counsel, however, that any challenge to the length of that term would be frivolous. Eighteen months is significantly less than the almost two years that, as White acknowledged, could have been imposed (the 60-month statutory maximum less the 36 months and three days' reimprisonment already served as a result of prior revocations). *See* 18 U.S.C. §§ 3559(a)(1), 3583(e)(3) (1994); 21 U.S.C. § 841(b)(1)(A)(iii) (1994 & Supp. III 1997); *United States v. Tapia–Escalera*, 356 F.3d 181, 187–88 (1st Cir. 2004); *United States v. Jackson*, 329 F.3d 406, 407–08 (5th Cir. 2003); *United States v. Swenson*, 289 F.3d 676, 677 (10th Cir. 2002); *United States v. Merced*, 263 F.3d 34, 37 (2d Cir. 2001). The term imposed by the district court is also within the policy-statement range of 12 to 18 months (given White's criminal history category of IV and his Grade B violations for possessing drugs, *see* U.S.S.G. §§ 7B1.1(a)(2), 7B1.4(a); *United States v. Trotter*, 270 F.3d 1150, 1156 (7th Cir. 2001)). Moreover, the judge's comments at the revocation hearing reflect consideration of the sentencing factors in 18 U.S.C. § 3553(a). The judge said he was impressed with White's efforts to obtain a G.E.D. and improve himself but added that White must "start making better choices" and stay

"away from bad elements." The judge was not required to say more before revoking White's supervised release and imposing a term of reimprisonment. *See United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008).

Last, counsel discusses whether White could claim that his lawyer's representation during the revocation proceedings was constitutionally deficient. Counsel assumes that White had a constitutional right to counsel, but that right  attaches in revocation proceedings only if the defendant contests the alleged violations (which White did not) or presents substantial and complex grounds in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790–791 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–933 (7th Cir. 2006). In this case we do not have to decide if the constitutional right attached or, if not, whether White's statutory right to counsel under 18 U.S.C. § 3006A(a)(1)(C) and Federal Rule of Criminal Procedure 32.1(b)(2)(D) could support a constitutional claim of ineffective assistance. *See Eskridge*, 445 F.3d at 932–933; *Stevens v. Epps*, 618 F.3d 489, 504–05 (5th Cir. 2010); *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008); *Simpson v. Norris*, 490 F.3d 1029, 1033–34 (8th Cir. 2007). Counsel also represented White in the district court, and she acknowledges that she cannot serve as White's appellate lawyer while challenging her own performance. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003); *United States v. Martinez*, 169 F.3d 1049, 1052 (7th Cir. 1999). Moreover, a claim of ineffective assistance would be hollow unless a specific instance of  deficient performance is articulated, yet in her *Anders* submission counsel does not say on what basis White might argue that her performance was substandard. *See Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010); *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003). Thus, if there is a basis for a claim of ineffective assistance, that claim is best reserved for collateral review. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.