**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

       v.

VICTORIA L. RAY,
          *Defendant-Appellant.*

No. 06-30466

D.C. No.
CR 02-0055 DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted
March 6, 2007—Seattle, Washington

Filed May 3, 2007

Before: Betty B. Fletcher, Diarmuid F. O'Scannlain, and
A. Wallace Tashima, Circuit Judges.

Opinion by Judge Tashima

## COUNSEL

John Rhodes, Assistant Federal Defender, Missoula, Montana, for the defendant-appellant.

Timothy J. Racicot, Assistant United States Attorney, Missoula, Montana, for the plaintiff-appellee.

## OPINION

TASHIMA, Circuit Judge:

Defendant Victoria L. Ray appeals her sentence upon revocation of her supervised release on the ground that *United States v. Booker*, 543 U.S. 220 (2005), established the maximum term of imprisonment, for purposes of determining the maximum term of imprisonment post-revocation, as the high end of the applicable Sentencing Guidelines range, and that her sentence exceeded that maximum. Ray pled guilty to bank embezzlement in violation of 18 U.S.C. § 656 and was sentenced, pre-*Booker*, to a term of imprisonment followed by supervised release. Ray twice violated the conditions of her

supervised release, and was sentenced to imprisonment for these violations for a total of 15 months. If Ray's assertion is correct, her second revocation sentence, of six months, would exceed the applicable maximum — using the high end of the Guidelines range prescribed at the time of her original sentencing as the statutory maximum to define the applicable maximum term of revocation imprisonment — and she would be entitled to reversal. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

## I.  Background

On October 4, 2002, Ray was charged with embezzling approximately $11,001.35 from Wells Fargo Bank ("Wells Fargo"). She pled guilty pursuant to a plea agreement and the district court imposed a 10-month term of imprisonment, to be followed by a three-year term of supervised release. This 10-month term of imprisonment was within the Sentencing Guidelines' then-mandatory six-to-12-month range. Ray served her period of incarceration and began to serve her term of supervised release in March 2004.

On November 24, 2004, Ray appeared on allegations that she had violated the conditions of her supervised release, and admitted those allegations. Finding that she violated certain conditions, the district court revoked her supervised release and sentenced her to nine months of imprisonment followed by 36 months of supervised release. That decision was affirmed on appeal. *See United States v. Ray*, 190 F. App'x 580 (9th Cir. 2006).

After release from her first imprisonment for violating supervised release, Ray admitted additional violations of her supervised release, and the district court sentenced her to six months' imprisonment, to be followed by 21 months of supervised release. Ray timely appealed.

## II. Standard of Review

We review questions of statutory interpretation de novo. *United States v. Stewart*, 420 F.3d 1007, 1020 (9th Cir. 2005). Because Ray preserved her objection, we review the sentence for a violation of *Booker* de novo. *See United States v. Smith*, 282 F.3d 758, 771 (9th Cir. 2002).

## III. Discussion

A crime's "maximum sentence" provides the maximum term of imprisonment, the maximum term of supervised release to which a criminal defendant may be subject, and the maximum term of revocation imprisonment. 18 U.S.C. § 3583(b), (e), (h). The maximum term of revocation imprisonment corresponds to the "class" of the underlying conviction. In assigning the "class" to which a conviction belongs, we frequently look to maximum terms of imprisonment for the underlying offense, as follows:

> An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is —
>
> (1) life imprisonment, or if the maximum penalty is death, as a Class A felony;
>
> (2) twenty-five years or more, as a Class B felony;
>
> . . . .
>
> (5) less than five years but more than one year, as a Class E felony;
>
> (6) one year or less but more than six months, as a Class A misdemeanor . . . .

18 U.S.C. § 3559(a). For assessing terms of supervised release and its revocation, 18 U.S.C. § 3583 provides that "a defendant whose term [of supervised release] is revoked . . . may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case." 18 U.S.C. § 3583(e)(3).

Ray acknowledges that, at least before *Booker* and *Blakely v. Washington*, 542 U.S. 296 (2004), courts understood the maximum term of imprisonment to be defined by the United States Code and not by the high end of the applicable Guidelines range. *See*, *e.g.*, *United States v. Hernandez-Guardado*, 228 F.3d 1017, 1026-27 (9th Cir. 2000) (offering such a distinction). Based on the traditional approach, Ray's statute of conviction provides for a statutory maximum sentence of thirty years, 18 U.S.C. § 656, and her offense is therefore classified as a Class B felony and is subject to a maximum term of revocation imprisonment of three years. 18 U.S.C. §§ 3559(a)(2), 3583(e)(3). Ray contends, however, that because her maximum sentence *under the Guidelines* was one year, her offense should have been classified as a Class *E* felony under § 3559(a)(5), which would yield a maximum term of revocation imprisonment of one year. 18 U.S.C. § 3583(e)(3). Thus, Ray contends that the district court erred because it imposed a combined revocation sentence of more than one year (adding the six-month revocation sentence Ray now challenges to the earlier nine-month revocation sentence). Ray further contends that upon the second revocation of her supervised release, she should have been exposed to no more than a maximum three-month term of imprisonment.[1]

---

[1]All revocation imprisonment sentences are aggregated in determining whether the applicable maximum has been exceeded. *See, e.g.*, *United States v. Tapia-Escalera*, 356 F.3d 181, 187-88 (1st Cir. 2004) (becoming the sixth circuit to accept this position); *United States v. Merced*, 263 F.3d 34, 37 (2d Cir. 2001); *United States v. Brings Plenty*, 188 F.3d 1051, 1053 (8th Cir. 1999).

Specifically, Ray suggests that Ninth Circuit law indicating that "[t]he effect of classification [under § 3559] is . . . to use the statute describing the offense term in order to determine the maximum term of punishment," *United States v. Avery*, 15 F.3d 816, 819 (9th Cir. 1993), has been overruled, given language in *Booker* and *Blakely* that seems to define the "statutory maximum" in terms of the high end of the Guidelines range. The language to which Ray refers includes statements that "the 'statutory maximum' for [*Apprendi v. New Jersey*, 530 U.S. 466 (2000),] purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*," *Blakely*, 542 U.S. at 303 (emphasis in original); *see also Booker*, 543 U.S. at 232 (quoting *Blakely*), and that "the Sixth Amendment as construed in *Blakely* does apply to the Sentencing Guidelines," *Booker*, 543 U.S. at 226-27.

**[1]** Other Circuits have rejected the contention that *Booker* altered the definition of "statutory maximum," but we have yet to address this question. We now join our sister circuits in holding that *Booker* does not define the "statutory maximum" as the high end of the Guidelines range for sentences imposed for violations of supervised release. Instead, the definition of "statutory maximum" continues to come from the United States Code. We may not modify Congress' clear intent that the *statutory* maximum determines the allowable period of imprisonment after the revocation of supervised release, even if the Guidelines prescribed a lower maximum sentence for the particular defendant. *See* 18 U.S.C. §§ 3559, 3583; *United States v. Work*, 409 F.3d 484, 490 (1st Cir. 2005) ("A fortiori, the permissible term of incarceration authorized for a supervised release violation is not circumscribed by the substantive sentence called for under the federal sentencing guidelines. . . . Rather, the term of incarceration permitted in consequence of a supervised release violation is cabined by section 3583 itself.") (citations omitted).

**[2]** As the Fifth Circuit reasoned in *United States v. Hinson*, 429 F.3d 114 (5th Cir. 2005), *Booker* does not affect impris-

onment for violation of supervised release because such sentences are discretionary, and the defendant "*faced the same maximum sentence upon revocation of supervised release both before and after* Booker." *Id.* at 119 (emphasis added). In this analysis, the Fifth Circuit applied the traditional statutory maximum in assessing the maximum sentence available, *id.* at 115, and pointed to a variety of cases indicating that imprisonment for violation of supervised release, coupled with imprisonment for a conviction, may exceed even the actual statutory maximum prescribed for the offense. *Id.* at 116 n.7 (citing *Work*, 409 F.3d at 489; *United States v. Pettus*, 303 F.3d 480, 487 (2d Cir. 2002); *United States v. Wirth*, 250 F.3d 165, 170 n.3 (2d Cir. 2001)). We have long accepted that revocation imprisonment sentences may exceed the applicable statutory maximum for the underlying offense, as well. *United States v. Purvis*, 940 F.2d 1276, 1279 (9th Cir. 1991); *United States v. Montenegro-Rojo*, 908 F.2d 425, 432 (9th Cir. 1990).

The First Circuit has also rejected a defendant's challenge similar to Ray's challenge here. *Work*, 409 F.3d at 486. The statute of conviction, and not the high end of the Guidelines range, defines the "statutory maximum" of available penalties, notwithstanding the *Booker* case law. *See id.* at 488-92. Notably, Ray does not mention these cases, and offers no reason to depart from Congress' explicit intent or to create a circuit split on this issue.

**[3]** In addition, this circuit has given repeated indications that *Booker* does not alter the prior understanding of "statutory maximum." *See*, *e.g.*, *United States v. Murillo*, 422 F.3d 1152, 1153 (9th Cir. 2005) (concluding, in the context of classifying predicate offenses, that "the maximum sentence for the prior conviction is defined by the state criminal statute, not the maximum sentence in the particular case set by [the state's] sentencing guidelines"). Like the categorization of predicate offenses, the imposition of revocation imprisonment does not have the same ramifications as the original sentence, *see United States v. Huerta-Pimental*, 445 F.3d 1220, 1225

(9th Cir. 2006), and *Booker* does not alter this analysis. In other words, *Booker* did not disturb the well-settled interpretation of §§ 3559 and 3583, as the Supreme Court has itself supposed. *See Booker*, 543 U.S. at 258 (citing § 3583 as an example of the principle that "[m]ost of the statute is perfectly valid").

**[4]** We may also examine cases from the probation context to confirm the proper path, because we frequently treat probation and supervised release analogously. *See, e.g.*, *Huerta-Pimental*, 445 F.3d at 1225; *United States v. Hall*, 419 F.3d 980, 985 n.4 (9th Cir. 2005). In these cases, as well, the circuits have been unanimous in concluding, even after *Booker*, that "a sentencing court may sentence a defendant who violates probation without being restricted by the original Sentencing Guidelines range applicable to his or her crime or a 'departure' therefrom, subject at the upper end to the maximum statutory penalty that may be imposed for commission of the underlying offense." *United States v. Goffi*, 446 F.3d 319, 322-23 (2d Cir. 2006); *see also United States v. Pena*, 125 F.3d 285, 287 (5th Cir. 1997) (finding no error in revocation-of-probation case in part due to the fact that "the district court was not limited to the sentencing range available at the time of the initial sentence").

In line with all of the cases cited above, we have recently concluded explicitly that "*Booker* has no effect on the revocation of supervised release." *Huerta-Pimental*, 445 F.3d at 1224 (citing *Booker*, 543 U.S. at 226-27); *see also id.* at 1225 ("We have held unequivocally that imposition of imprisonment following the revocation of supervised release is part of the original sentence authorized by the fact of conviction and does not constitute additional punishment beyond the statutory maximum."). We further noted that our "analysis of *Booker*'s impact on supervised release comports with that of our sister circuits that have addressed the issue." *Id.* (collecting cases). As outlined above, the approach taken by our sister circuits is proper. Ray fails to present any rationale for diverg-

ing from that line of cases or for altering the approach indicated by our own case law.

**AFFIRMED.**