**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Flavio ORTIZ–MERIDA, Defendant–**
**Appellant.**

**No. 05–50899.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 7, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Lisa M. Bassis, Esq., Law Offices of Lisa M. Bassis, Beverly Hills, CA, for Defendant–Appellant.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and ROBART,** District Judge.

** The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

MEMORANDUM ***

Flavio Ortiz–Merida appeals from his jury-trial conviction and 21–month sentence for being found in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Ortiz–Merida first contends the district court erred by granting the government's motion to reopen its case to submit additional proof regarding whether Ortiz–Merida was under "official restraint" when he entered the United States. The district court did not abuse its discretion. *See United States v. Suarez–Rosario,* 237 F.3d 1164, 1167 (9th Cir.2001) (holding no abuse of discretion when district court allowed government to reopen case to introduce evidence that, on appeal, was deemed not essential to prove the crime).

■ Ortiz–Merida next contends the district court erred by denying his motion for acquittal because the government had not proven he was free from official restraint. There was no error, because a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, including that appellant was not under official restraint by the time border patrol agents found him. *See United States v. Bello–Bahena,* 411 F.3d 1083, 1087 (9th Cir.2005).

■ We disagree with Ortiz–Merida's contention that he was entitled to a jury instruction regarding official restraint because, after all witnesses had testified, the uncontroverted testimony established that the border patrol agents did not find appellant until after he had crossed the border. *See United States v. Cruz–Escoto,*

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

476 F.3d 1081, 1087 (9th Cir.2007); *Bello–Bahena,* 411 F.3d at 1087 (reviewing for abuse of discretion).

■ Finally, we reject Ortiz–Merida's claim that his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because his 21–month sentence did not exceed the two-year maximum prescribed by 8 U.S.C. § 1326(a). *See United States·v. Ray,* 484 F.3d 1168, 1171 (9th Cir.2007) (holding that United States Code, not high end of Guidelines range, sets statutory maximum sentence). To the extent Ortiz–Merida challenges his four-level enhancement under United States Sentencing Guideline § 2L1.2(b)(1)(D), there was no sentencing error. *See United States v. Cantrell,* 433 F.3d 1269, 1279–80 (9th Cir.2006) (describing appellate analysis of sentencing calculation).

**AFFIRMED.**