**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Krista PARKER, Defendant–Appellant.**

**No. 06–10625.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008 *.

Filed March 11, 2008.

George Ferko, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

J. Thomas Poore, Esq., Tucson, AZ, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Krista Parker appeals from her jury-trial conviction and 40–month sentence for various drug trafficking offenses. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Parker contends that the district court erred by disregarding an affirmative finding by the jury that she was not responsible for any amount of marijuana. This contention is belied by the fact that the jury found Parker guilty of all charges.

Parker next contends that the district court erred in not dismissing the indictment based on the government's pre-trial destruction of the marijuana. Because Parker does not allege bad faith on the part of the government, this contention is foreclosed by *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).

Parker further contends that her Sixth Amendment Confrontation Clause rights were violated because the destruction of evidence made it impossible for her to impeach or question the government expert. This contention fails because Parker had the opportunity at trial to cross-examine the forensic chemist who tested the marijuana.

Finally, Parker contends that the district court erred under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We conclude that the district court did not violate *Apprendi* because it did not sentence Parker above the five-year statutory maximum. *See United States v. Alvarez,* 358 F.3d 1194, 1212 (9th Cir.2004); *see also United States v. Ray,* 484 F.3d 1168, 1172 (9th Cir.2007) (holding that the statute of conviction, not the high end of the Guidelines range, defines the "statutory maximum").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

