**Electronically Filed
Intermediate Court of Appeals
30408
20-OCT-2011
08:30 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RAY CARDONA ANDRES, Defendant-Appellant

NO. 30408

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-0790)

OCTOBER 20, 2011

FOLEY, PRESIDING J., LEONARD AND REIFURTH, JJ.

OPINION OF THE COURT BY FOLEY, J.

Defendant-Appellant Ray Cardona Andres (Andres) appeals from the Judgment of Conviction and Sentence filed on March 15, 2010 in the Circuit Court of the First Circuit (circuit court).[1]

---

[1] The Honorable Virginia Lea Crandall presided.

Andres' sole point on appeal[2] is that the circuit court erred in granting the Motion for Sentencing of Repeat Offender (Motion) filed by the State of Hawai'i (State) and ordering that Andres was subject to the repeat offender sentencing provisions of Hawaii Revised Statutes (HRS) § 706-606.5 (1993 & Supp. 2006). Andres contends the circuit court mistakenly relied on his prior federal conviction as a basis for granting the State's Motion.

I.

On April 27, 2007, the State charged Andres with Promoting a Dangerous Drug in the Second Degree, in violation of HRS § 712-1242(1)(b)(i) (Supp. 2010).

On May 21, 2008, the State filed the Motion, asking the circuit court to sentence Andres as a repeat offender, pursuant to HRS § 706-606.5(1), to a mandatory minimum term of three years and four months of imprisonment, without the possibility of parole. Andres filed a memorandum in opposition on January 21, 2009.

On July 9, 2009, the circuit court filed its Findings of Fact, Conclusions of Law and Order Determining that Defendant Ray Cardona Andres Is Subject to Repeat Offender Sentencing (FOF/COL/Order). The circuit court's determination that Andres was subject to repeat offender sentencing pursuant to HRS § 706-606.5 was based on Andres' prior federal conviction in 1991 for "Attempt to Possess for Distribution Crystal Methamphetamine, Schedule II controlled substance."

Andres' prior federal conviction was based on a November 28, 1990 charge in the United States District Court for the District of Hawai'i (district court) in Cr. No. 90-01779ACK

---

[2]  Andres' opening brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4)(ii)-(iii) in that he fails to state "where in the record the alleged error occurred" and "where in the record the alleged error was objected to or . . . brought to the attention of the court." Andres' brief also fails to comply with Rule 28(b)(4)(C) by failing to quote the finding or conclusion of the circuit court urged as error. Andres' counsel is warned that, pursuant to HRAP Rule 51, future non-compliance with HRAP 28 may result in sanctions against him.

for "attempt to possess for distribution a quantity in excess of 100 grams of crystal methamphetamine." Andres pled guilty on March 4, 1991. The district court found Andres guilty on July 3, 1991 and entered the Judgment in a Criminal Case on July 8, 1991. The district court determined that Andres was subject to a range of imprisonment from 121 to 151 months.

On November 30, 2009, in the instant case, a jury found Andres guilty of Promoting a Dangerous Drug in the Second Degree. The circuit court sentenced Andres on March 15, 2010 to ten years of imprisonment and, after noting special circumstances, to a reduced mandatory minimum of one year pursuant to HRS § 706-606.5. The circuit court filed the Judgment on March 15, 2010, and Andres timely appealed.

## II.

The standard of review for statutory construction is well-established in this jurisdiction. The interpretation of a statute is a question of law, which the appellate court reviews de novo. State v. Heggland, 118 Hawai'i 425, 434, 193 P.3d 341, 350 (2008). Where the language of the statute is plain and unambiguous, the appellate court's only duty is to give effect to the language's plain and obvious meaning. Id.

## III.

Andres contends the circuit court improperly found that he was subject to repeat offender sentencing under HRS § 706-606.5, which provides in relevant part:

> §706-606.5 Sentencing of repeat offenders. (1) Notwithstanding section 706-669 and any other law to the contrary, any person convicted of . . . any class B felony . . . and who has a prior conviction or prior convictions for the following felonies, including an attempt to commit the same . . . or any felony conviction of another jurisdiction, shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:
>
> (a) One prior felony conviction:
> . . . .
>
> (iii) Where the instant conviction is for a class B felony -- three years, four months;
> . . . .

> (2)    Except as in subsection (3), a person shall not be sentenced to a mandatory minimum period of imprisonment under this section unless the instant felony offense was committed during such period as follows:
>
> . . . .
>
> (f)    Within the maximum term of imprisonment possible after a prior felony conviction of another jurisdiction.

(Emphasis added.)   Andres argues that the circuit court mistakenly relied on Conclusion of Law 6 (COL 6) in its FOF/COL/Order as the legal basis for granting the State's Motion. COL 6 states:  "When, on November 6, 2006, [Andres] committed the offense of promoting a dangerous drug in the second degree, a class B felony, he did so within the maximum term of imprisonment possible after his July 3, 1991 conviction in Cr. No. 90-01779ACK."  Andres' argument is that the "maximum term of imprisonment" of his prior federal conviction had expired before the commission of his second crime.

This case turns on the definition of the phrase "maximum term of imprisonment" as used in HRS § 706-606.5, which determines the time frame in which a defendant may be charged under the repeat offender statute.  Andres argues that "maximum term of imprisonment" refers to the maximum term of imprisonment that the specific defendant could have received, not the maximum term of imprisonment allowed by statute.  He states that because the Federal Sentencing Guidelines were mandatory at the time of his conviction, the maximum term of imprisonment he could have served was 151 months, which time period had expired prior to his committing the second offense.[3]  In short, Andres argues that this maximum term determined by the Federal Sentencing Guidelines should have been used in determining the applicability of the repeat offender statute.

Conversely, the State argues that "maximum term of imprisonment" means the statutory maximum term of imprisonment to

---

[3]    Andres qualified for a total offense level of 32 and, as such, was subject to a mandatory range of imprisonment from 121 to 151 months.

which a court could possibly sentence someone convicted of the offense committed. The State further argues that because the maximum term of imprisonment allowed by the federal statute (21 U.S.C. § 841(b)(1)(A)) under which Andres was convicted is a life sentence, the "maximum term of imprisonment" Andres faced was life in prison and, therefore, Andres' second offense was committed within the "maximum term of imprisonment" of his prior conviction. The State does not dispute that the maximum sentence under the Federal Sentencing Guidelines that Andres received for his prior offense was 151 months. In essence, the State argues that it is not the maximum sentence the individual defendant could have received, but rather the longest sentence allowed under the statute that constitutes the "maximum term of imprisonment."

In Heggland, the Hawai'i Supreme Court was asked to clarify whether Colorado's mandatory parole term after a prison sentence was part of a defendant's "maximum term of imprisonment" under HRS § 706-605. The court held that "[t]he phrase 'maximum term of imprisonment possible' in HRS § 706-606.5(2)(f) . . . refers to the maximum term of imprisonment to which a court in a foreign jurisdiction may possibly sentence a convicted defendant." Heggland, 118 Hawai'i at 436, 193 P.3d at 352. The court explained its reasoning that the statute "relies on the foreign jurisdiction's own assessment of the severity of the crime to determine whether mandatory minimum sentences should apply to a repeat offender." Id. at 436 n.6, 193 P.3d at 352 n.6.

As the Hawai'i Supreme Court in Heggland looked to Colorado authority to determine what "maximum term of imprisonment" meant under Colorado law, we turn to federal authority in this case. Federal authority is clear: maximum term of imprisonment or statutory maximum comes from the United States Code, not the Federal Sentencing Guidelines. United States v. Ray, 484 F.3d 1168, 1171 (9th Cir. 2007); see also,

<u>United States v. Hinson</u>, 429 F.3d 114, 119 (5th Cir. 2005);
<u>United States v. Work</u>, 409 F.3d 484, 488-92 (1st Cir. 2005).

Therefore, the circuit court did not err when it concluded that Andres committed the offense of Promoting a Dangerous Drug in the Second Degree within the maximum term of imprisonment possible after his July 3, 1991 conviction in the district court in Cr. No. 90-01779ACK.

**IV.**

The Judgement of Conviction and Sentence filed on March 15, 2010 in the Circuit Court of the First Circuit is affirmed.

On the briefs:

Michael Jay Green
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.