**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4488**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

GENE PATRICK,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.   Thomas D. Schroeder,
District Judge.   (1:11-cr-00332-TDS-1)

———————

Submitted:  December 14, 2012        Decided:  January 10, 2013

———————

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert Ratliff, Mobile, Alabama, for Appellant.   Ripley Rand,
United States Attorney, Stephen T. Inman, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gene Patrick appeals the district court's order revoking his probation and sentencing him to twelve months of imprisonment. Patrick claims that his current sentence, when aggregated with the time he spent imprisoned as a condition of his probation, exceeds the applicable statutory maximum. Finding no error, we affirm.

First, because Patrick did not properly preserve any of the issues he raises on appeal, our review is for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993); see United States v. Maxwell, 285 F.3d 336, 338 (4th Cir. 2002) (reviewing for plain error unpreserved claim that sentence following revocation of supervised release was greater than authorized by statute). To satisfy this standard Patrick must show: "(1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if Patrick satisfies these requirements, correction of the error is only appropriate if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Massenburg, 564 F.3d at 343 (internal quotation marks omitted).

The magistrate judge who initially sentenced Patrick was authorized to impose a term of probation of up to five

2

years, 18 U.S.C. § 3561(c)(2) (2006), and to include a number of discretionary conditions, including that Patrick

> remain in the custody of [the Bureau of Prisons] during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release.

18 U.S.C. § 3563(b)(10) (2006). Further, upon Patrick's violation of his probation, the court could either continue Patrick's probation with or without extending the term or modifying the conditions or revoke Patrick's term of probation and resentence him. 18 U.S.C. § 3565(a) (2006). After choosing to revoke Patrick's probation following his second violation of its conditions, the court was required to "resentence" him under "subchapter A," 18 U.S.C. §§ 3551-59 (2006), which outlines the general statutory provisions for imposing sentence. 18 U.S.C. § 3565(a)-(b).

As we have previously held, resentencing under 18 U.S.C. § 3565(a)-(b) "plainly permits a district court to begin the sentencing process anew and to impose any sentence appropriate under the provisions of subchapter A." United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997); see also United States v. Tschebaum, 306 F.3d 540, 543-44 (8th Cir. 2002) (collecting cases). Accordingly, upon revoking Patrick's probation, the district court was permitted to sentence him to

3

any term of imprisonment within the twelve month statutory maximum for his original violation of 21 U.S.C. § 844(a). United States v. Penn, 17 F.3d 70, 73 (4th Cir. 1994); see also United States v. Ray, 484 F.3d 1168, 1172 (9th Cir. 2007) ("[C]ircuits have been unanimous in concluding, even after Booker, that a sentencing court may sentence a defendant who violates probation without being restricted by the original Sentencing Guidelines range applicable to his or her crime or a departure therefrom, subject at the upper end to the maximum statutory penalty that may be imposed for commission of the underlying offense.") (internal quotation marks omitted).

Further, Patrick has failed to cite any authority to support his contention that the district court's sentencing options were limited by the time he spent in the Bureau of Prisons' custody as a condition of his probation. First, the court clearly modified Patrick's probation following his initial violation. Patrick's claim that this modification was in fact a revocation of his probation is not supported by the record. Nor is Patrick's citation to 18 U.S.C. § 3583(e)(3) (2006) relevant to our inquiry here. Finally, and although we generally do not consider arguments raised for the first time in a reply brief, United States v. Brooks, 524 F.3d 549, 556 n.11 (4th Cir. 2008), the district court was without authority to grant Patrick sentencing credit under 18 U.S.C. § 3585(b) (2006). Thus

4

Patrick's reliance on the dicta of <u>United States v. Granderson</u>, 511 U.S. 39 (1994), is unpersuasive.  <u>United States v. Wilson</u>, 503 U.S. 329, 333 (1992).

Accordingly, we conclude that the district court did not err in imposing Patrick's sentence and affirm the judgment below.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>