**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERSON FLETES-RAMOS, AKA Guero,

Defendant - Appellant.

No. 13-30129

D.C. No. 2:12-cr-00021-JLR-13

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted September 3, 2015[**]
Seattle, Washington

Before: McKEOWN, GOULD, and N.R. SMITH, Circuit Judges.

Gerson Fletes-Ramos challenges the 56-month sentence imposed following

his 2013 conviction for illegal reentry under 8 U.S.C. § 1326(a). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Fletes-Ramos first argues that his Sixth Amendment rights were violated when the judge, rather than a jury, determined facts used to sentence him to a prison term that exceeded the advisory Guidelines range, which was 41 to 51 months. This argument fails, however, because Fletes-Ramos's sentence was well within the 20-year statutory maximum for illegal reentry. The district court judge was entitled to "exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute." *Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000) (emphasis in original); *see also United States v. Mix*, 457 F.3d 906, 914 (9th Cir. 2006) (noting that "the advisory Guidelines remedy . . . 'gives the sentencing judge discretion to sentence outside the guideline range'") (quoting *United States v. Dupas*, 419 F.3d 916, 919 (9th Cir. 2005)); *United States v. Ray*, 484 F.3d 1168, 1171 (9th Cir. 2007).

Fletes-Ramos next argues that his prior state conviction for heroin delivery should not have triggered a 12-level Guidelines sentencing enhancement as a felony punishable by more than one year. Because Fletes-Ramos never raised this argument during sentencing proceedings, it is subject to plain-error review. *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (per curiam) ("Ninth Circuit precedent requires that a specific argument clearly be raised in the district court.").

Application of the sentencing enhancement was not plain error because the Oregon statute under which Fletes-Ramos was convicted carries a 20-year statutory maximum and *United States v. Murillo* has not been abrogated or overruled and remains binding law in this circuit. 422 F.3d 1152, 1155 (9th Cir. 2005) (holding that, in determining whether a crime is punishable by more than one year, the operative term is "the potential maximum sentence defined by the applicable state criminal statute").

**AFFIRMED.**