**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

DOUGLAS JAMES KNIGHT,
  *Defendant-Appellant.*

No. 08-30372

D.C. No.
6:04-CR-00002-
CCL

OPINION

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Argued and Submitted
July 6, 2009—Portland, Oregon

Filed September 2, 2009

Before: Harry Pregerson, Pamela Ann Rymer and
A. Wallace Tashima, Circuit Judges.

Opinion by Judge Pregerson

12231

## COUNSEL

Steven C. Haddon, Haddon Law Office, Helena, Montana, for the defendant-appellant (argued and on the briefs).

Paulette L. Stewart, Assistant United States Attorney (argued and on the briefs), William W. Mercer, United States Attorney, and Eric B. Wolff, Assistant United States Attorney (on the briefs), Helena, Montana, for the plaintiff-appellee.

## OPINION

PREGERSON, Circuit Judge:

Douglas Knight ("Knight") appeals his sentence of twenty-four months imprisonment and twelve months supervised release, imposed after the district court revoked Knight's supervised release for a third time. Revocation of a defendant's supervised release is governed by 18 U.S.C. § 3583. Congress amended § 3583 in 2003. *See* Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. 108-21, § 101, 117 Stat. 650, 651. The 2003 Amendment to § 3583 altered the portions of § 3583 that address the maximum terms of imprisonment and supervised release that can be imposed following revocation of a defendant's supervised release. Because of the 2003 Amendment, this case presents us with two issues of first impression in this circuit:

> (1) Whether under the amended version
> § 3583(e)(3) the district court must reduce the

maximum term of *imprisonment* to be imposed upon revocation of a defendant's supervised release by the aggregate length of any and all terms of imprisonment imposed upon revocation of supervised release.

(2) Whether under the amended version of § 3583(h) the district court must reduce the maximum term of *supervised release* to be imposed upon revocation of a defendant's supervised release by the aggregate length of any and all terms of imprisonment imposed upon revocation of supervised release.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review questions of statutory interpretation de novo. *United States v. Ray*, 484 F.3d 1168, 1170 (9th Cir. 2007). We affirm Knight's sentence of twenty-four months imprisonment, but we reverse Knight's sentence of twelve months supervised release, and vacate and remand for resentencing.

## I.

On April 27, 2004, Knight pleaded guilty to violating 18 U.S.C. § 922(j) (Possession of Stolen Firearms).[1] Knight was sentenced to eighteen months imprisonment and thirty-six months supervised release.[2]

---

[1] Possession of Stolen Firearms is a class C felony. The statutory maximum sentence for possession of stolen firearms is up to ten years imprisonment and up to thirty-six months of supervised release. *See* 18 U.S.C. § 924(a)(2) (setting the maximum term of imprisonment at ten years); 18 U.S.C. § 3583(b)(2) (stating that the maximum term of supervised release for a class C felony is thirty-six months).

[2] The length of the sentence Knight received for his original conviction is, however, irrelevant to the calculation of the maximum term of imprisonment or the maximum term of supervised release Knight could receive upon revocation of his supervised release. As will be discussed in detail below, the maximum term of *imprisonment* to be imposed upon revocation of supervised release is governed by § 3583(e)(3). The maximum term of *supervised release* to be imposed upon revocation of supervised release is governed by § 3583(h).

On October 6, 2005, Knight began serving his term of supervised release. On February 16, 2006, the district court revoked Knight's supervised release for the first time (the "First Revocation"). The district court sentenced Knight to nine months imprisonment and twenty-seven months supervised release.[3]

On October 14, 2006, Knight began to serve his second term of supervised release. On October 3, 2007, the district court revoked Knight's supervised release for the second time (the "Second Revocation"). The district court sentenced Knight to nine months imprisonment and eighteen months supervised release.

On May 5, 2008, Knight began serving his third term of supervised release. On September 19, 2008, the district court revoked Knight's supervised release for a third time (the "Third Revocation"). The district court sentenced Knight to the statutory maximum of twenty-four months imprisonment and twelve months supervised release.[4] Knight objected to the district court's sentence on the grounds that the district court

---

[3]Under § 3583(e)(3), the statutory maximum term of *imprisonment* the district court could impose upon revocation of Knight's supervised release is twenty-four months. Under § 3583(h), the maximum term of *supervised release* the district court could impose is the maximum term of supervised release authorized by statute for Knight's original offense (thirty-six months) "less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h).

[4]As reflected in the chart below, Knight has been subjected to a total of *forty-two months of imprisonment* upon revocation of his supervised release.

| *Revocation Sentences Imposed* | *Imprisonment* | *Supervised Release* |
| --- | --- | --- |
| First Revocation | 9 months | 27 months |
| Second Revocation | 9 months | 18 months |
| Third Revocation | 24 months | 12 months |
| *TOTAL* | **42 months** | **57 months** |

improperly calculated the statutory maximum terms of imprisonment and supervised release. This timely appeal followed.

## II.

The first issue we must determine is whether under 18 U.S.C. § 3583(e)(3), as amended by Congress in 2003, the maximum term of *imprisonment* that can be imposed on a defendant following revocation of his supervised release must be reduced by the aggregate length of any and all terms of imprisonment imposed upon revocation of supervised release.

Knight argues that when calculating the maximum term of *imprisonment* to be imposed as a result of his Third Revocation, the district court was required to reduce the twenty-four month statutory maximum term of imprisonment by eighteen months (a nine month term of imprisonment for the First Revocation and a nine month term of imprisonment for the Second Revocation). Under Knight's calculation, the district court would therefore be precluded from imposing a term of imprisonment exceeding six months — twenty-four months minus eighteen months. We disagree and affirm the twenty-four month term of imprisonment.

## A.

**[1]** Section 3583(e)(3) governs the maximum term of *imprisonment* that may be imposed when the district court revokes a defendant's supervised release. Section 3583(e)(3), as amended, states that the court may:

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to

revocation of probation or supervised release, finds
by a preponderance of the evidence that the defen-
dant violated a condition of supervised release,
except that a defendant whose term is revoked under
this paragraph may not be required to serve *on any
such revocation* more than 5 years in prison if the
offense that resulted in the term of supervised release
is a class A felony, more than 3 years in prison if
such offense is a class B felony, more than 2 years
in prison if such offense is a class C or D felony, or
more than one year in any other case.

18 U.S.C. § 3583(e)(3) (emphasis added).[5] Under
§ 3583(e)(3) the maximum term of imprisonment that Knight
could receive upon revocation of his supervised release was
two years.[6] Section 3583(e)(3) is, however, silent regarding
whether the district court is required to subtract the aggregate
length of prior imprisonment terms imposed upon revocation
of supervised release when calculating the statutory maximum
for subsequent revocations.

## B.

As previously noted, Congress amended § 3583(e)(3) in
2003. *See* Pub. L. 108-21, § 101. To properly interpret the
amended version of § 3583(e)(3) it is important to consider
how circuit courts interpreted the statute prior to the 2003
Amendment.

Prior to the 2003 Amendment, the circuit courts were in

---

[5]The 2003 Amendment added the italicized phrase "on any such revoca-
tion," to § 3583(e)(3). Pub. L. 108-21, § 101. This was the only change to
§ 3583(e)(3).

[6]Although the term of supervised release authorized by statute for a
class C felony is three years, *see* 18 U.S.C. § 3583(b)(2), § 3583(e)(3)
caps the maximum term of imprisonment the district court may impose
upon revocation of supervised release for a class C felony at two years.

agreement that, when calculating the maximum term of imprisonment to impose upon revocation of a defendant's supervised release, the district court was required to subtract the aggregate of length of any and all terms of revocation imprisonment from the statutory maximum. *See, e.g., United States v. Jackson*, 329 F.3d 406, 407-08 (5th Cir. 2003) (collecting cases that required aggregation prior to the 2003 Amendment).

The pre-Amendment rule requiring aggregation of prior imprisonment when calculating the maximum term of imprisonment or supervised release to be imposed upon multiple revocations was based, in large part, on the legislative history of the 1994 Amendment. *See* Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103-322, 108 Stat. 1796 (1994). For example, in *United States v. Tapia-Escalera*, 356 F.3d 181, 187 (1st Cir. 2004), the First Circuit noted that the "1991 Senate Report discussing virtually the same language adopted in 1994 makes clear that the cap is to apply to the aggregate term of all imprisonments for release condition violations." The Senate Report states that

> in the case of a Class C felony for which the maximum supervised release term is three years, a defendant who is revoked and re-imprisoned for 18 months could be ordered to serve as much as 18 additional months on supervised release (36-month maximum term of supervised release-18 months imprisonment = 18 months possible re-release supervision). *If the same defendant was again revoked, he could be re-imprisoned for not exceeding six months (24-month cap-18 months previously-served imprisonment = 6 months allowable imprisonment) and if so imprisoned, could not thereafter be placed on supervision (because the two-year imprisonment cap would have been reached).* Thus, under [the amendments], a defendant would always be credited for incarceration time against both the cap on re-

imprisonment and the maximum authorized period of supervised release.

137 Cong. Rec. S7772 (daily ed. June 13, 1991) (emphasis added).

## C.

The 2003 Amendment, however, significantly altered the text of § 3583(e)(3). Indeed, it is clear that Congress intended to ensure that a district court is no longer required to reduce the maximum term of imprisonment to be imposed upon revocation by the aggregate length of prior revocation imprisonment terms.

**[2]** In the 2003 Amendment, Congress added the phrase "on any such revocation" to § 3583(e)(3). Pub. L. 108-21, § 101, 117 Stat. 650, 651. Although the addition of the phrase "on any such revocation" was the only change to § 3583(e)(3), the impact of this revision is substantial. The amended language of § 3583(e)(3) now explicitly states that the statutory maximum term of imprisonment (in Knight's case twenty-four months) applies "on any such revocation." Accordingly, under the amended version of § 3583(e)(3) it is clear that defendants are not to be credited for prior terms of imprisonment imposed upon revocation of their supervised release.

Each of our sister circuits to address this issue has come to the same conclusion. *See Tapia-Escalera*, 356 F.3d at 188 ("Congress has altered the statute to adopt the government's position" that the statutory cap applies to each revocation); *United States v. Lewis*, 519 F.3d 822, 824 (8th Cir. 2008) (stating that the plain language of 18 U.S.C. § 3583(e)(3) permitted imposition of two year term of imprisonment for a class C felony "without the need to consider or aggregate the prison term for [the] first revocation."); *United States v. Williams*, 425 F.3d 987, 989 (11th Cir. 2005) ("Congress did

eventually amend § 3583(e)(3) so that the statutory caps now explicitly apply to each revocation of supervised release.").

**[3]** Accordingly, we hold that the district court did not err in imposing a twenty-four month term of imprisonment upon revocation of Knight's supervised release.

## III.

The second issue we must determine is whether under 18 U.S.C. § 3583(h), as amended by Congress in 2003, the maximum term of *supervised release* that can be imposed on a defendant following multiple revocations of his supervised release must be reduced by the aggregate length of any and all terms of imprisonment imposed upon revocation of supervised release.

Knight argues that the statutory maximum term of supervised release (thirty-six months) must be reduced by the aggregate length of the terms of imprisonment imposed upon the First Revocation (nine months), the Second Revocation (nine months) and the Third Revocation (twenty-four months) of his supervised release. Accordingly, Knight argues that the district court was precluded from imposing an additional term of supervised release upon the Third Revocation because the aggregate length of revocation imprisonment (forty-two months) exceeded the statutory maximum amount of supervised release (thirty-six months). We agree, and we vacate Knight's sentence and remand for resentencing.

## A.

**[4]** Under 18 U.S.C. § 3583(h), the district court may impose a term of *supervised release* after imprisonment for violations of conditions of supervised release. Section 3583(h) specifically limits, however, the length of the term of supervised release the district court may impose. Section 3583(h), as amended in 2003, states:

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less *any term of imprisonment that was imposed upon revocation* of supervised release.

18 U.S.C. § 3583(h) (emphasis added).

**B.**

To properly interpret the amended version of § 3583(h), we again consider how circuit courts interpreted the statute prior to the 2003 Amendment. Prior to the 2003 Amendment to § 3583, circuit courts were in agreement that when calculating the maximum term of *supervised release* to be imposed upon revocation of a defendant's supervised release, district courts were required to subtract the aggregate length of any and all terms of imprisonment imposed upon revocation of the defendant's supervised release. *See United States v. Mazarky*, 499 F.3d 1246, 1250 (11th Cir. 2007); *United States v. Maxwell*, 285 F.3d 336, 341 (4th Cir. 2002); *United States v. Merced*, 263 F.3d 34, 37-38 (2d Cir. 2001); *United States v. Brings Plenty*, 188 F.3d 1051, 1054 (8th Cir. 1999); *United States v. Beals*, 87 F.3d 854, 857-58 (7th Cir. 1996), *overruled on other grounds by United States v. Withers*, 128 F.3d 1167, 1172 (7th Cir. 1997). We see nothing in the amended version of the statute to suggest that the pre-amendment rule no longer applies.

Although the 2003 Amendment clearly altered the text of § 3583(e)(3), which governs the maximum term of *imprisonment*, the 2003 Amendment did not significantly alter the relevant portions of § 3583(h), which governs the maximum term

of *supervised release*.[7] Pub. L. 108-21, § 101(2). In particular, the 2003 Amendment did not alter the second sentence of § 3583(h), which addresses the "length" of a term of supervised release and requires the district court to subtract "any term of imprisonment that was imposed upon revocation of supervised release."

## C.

To date, only the Fifth Circuit has addressed the amended version of § 3583(h). In *United States v. Vera*, 542 F.3d 457 (5th Cir 2008), the Fifth Circuit addressed whether the plain text of § 3583(h) requires the district court to "subtract from the originally authorized supervised release term any term of imprisonment that was imposed upon revocation of supervised release." *Id.* at 459-60 (internal quotation marks omitted). The Fifth Circuit held that "under § 3583(h) 'the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation.' " *Id.* at 462 (quoting *Mazarky*, 499 F.3d at 1250).

The Fifth Circuit based its analysis primarily on the phrase "less any term of imprisonment that was imposed upon revocation of supervised release." The Fifth Circuit noted that

---

[7]Prior to the 2003 Amendment, 18 U.S.C. § 3583(h) stated:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment *that is less than the maximum term of imprisonment authorized under subsection (e)(3)*, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (1994) (emphasis added). The only effect of the 2003 Amendment was to eliminate the italicized text. Pub. L. 108-21, § 101(2).

"[w]hen the word 'any' is properly read in its § 3583(h) statutory context, *Webster's Third New International Dictionary* provides that the word 'any' means 'all.' " *Vera*, 542 at 460 (internal quotations and citations omitted) (quoting *Maxwell*, 285 F.3d at 341). Because the phrase "less any term of imprisonment" was not altered by Congress in the 2003 Amendment, the Fifth Circuit saw no reason to depart from the pre-Amendment interpretations of § 3583(h) requiring aggregation.

## D.

The scant legislative history of the 2003 Amendment supports the Fifth Circuit's interpretation of § 3583(h).[8] As previously noted, Section 3583(e)(3) was amended in 2003 to state that the maximum term of *imprisonment* to be imposed upon revocation of a defendant's supervised release applies "on any such revocation." The Fifth Circuit notes, however, that "Congress did not insert any language like that added in subsection (e)(3) [which governs the maximum term of *imprisonment*] to subsection (h) [which governs the maximum term of *supervised release*] . . . . Had Congress wished to make such a change to subsection (h), the amendment to subsection (e)(3) indicates that Congress was aware potentially of how to do so." *Vera*, 542 F.3d at 462 n.3.

Indeed, the government itself states that

> Congress is presumed to know existing law. *See South Dakota v. Yankton Sioux Tribe*, 522 U.S. 329, 351 (1998). And when Congress clarified that the maximum applies 'on any such revocation,' it presumably knew that the circuits had previously aggregated imprisonment and deducted it from the cap.

---

[8]The committee reports and other legislative history for the 2003 Amendment (the PROTECT Act) deal almost exclusively with sex offenders.

(Gov't Br. at 13.) Certainly, this same logic should apply to Congress's failure to insert the phrase "on any such revocation" to § 3583(h). Congress is presumed to know that prior to the 2003 Amendment to § 3583, circuit courts had required aggregation when determining the maximum amount of both imprisonment and supervised release. Had Congress wished to eliminate aggregation for both, it would have amended both subsections in a similar fashion.[9] Congress did not do so.

[5] Accordingly, we agree with the Fifth Circuit's reasoning in *Vera*, and hold that the maximum term of *supervised release* to be imposed following multiple revocations of supervised release must be reduced by the aggregate length of any and all terms of imprisonment that have been imposed upon revocation of supervised release. Because the terms of imprisonment imposed upon revocation of Knight's supervised release totaled forty-two months[10] and exceeded the statutory maximum of thirty-six months, the district court was precluded from imposing an additional term of supervised release under § 3583(h).

---

[9]The government also argues that public policy favors its interpretation of § 3583(h) and the continued availability of supervised release regardless of previous terms of imprisonment. In particular, the government argues that requiring aggregation of prior sentences would significantly limit the district court's discretion to impose supervised release for those defendants who clearly need it. The alternative — indefinite supervision — is, however, less appealing. Absent explicit statutory authority, which Congress has yet to provide, we do not presume that Congress intended to subject a defendant to continuous and indefinite supervision by eliminating aggregation and credit for revocation imprisonment when calculating the maximum term of supervised release.

[10]Knight was sentenced to nine months imprisonment as a result of the First Revocation, nine months imprisonment as a result the Second Revocation, and twenty-four months imprisonment as a result of the Third Revocation. These three prison terms total forty-two months.

## IV.

**[6]** We affirm the district court's sentence of twenty-four months imprisonment, but reverse the district court's sentence of twelve months supervised release. It is clear, however, that the district court wished to impose both imprisonment and supervised release when revoking Knight's supervised release. Accordingly, we vacate Knight's Third Revocation sentence in its entirety so that on remand the district court may, if it chooses, properly calculate a sentence that includes both imprisonment and supervised release.

**VACATED** and **REMANDED FOR RESENTENCING.**