**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10076 |
| Plaintiff - Appellee, | D.C. No. 4:04-cr-00221-DCB |
| v. | |
| LUIS ANGEL DOMINGUEZ-RIVERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Timothy M. Burgess, District Judge, Presiding[**]

Submitted December 19, 2012[***]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Luis Angel Dominguez-Rivera appeals from the district court's judgment

and challenges the 18-month sentence imposed upon revocation of supervised

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Timothy M. Burgess, United States District Judge for the District of Alaska, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dominguez-Rivera contends that his sentence is substantively unreasonable. We review for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Dominguez-Rivera first contends that the court punished him twice for violating the terms of supervised release imposed in 2004. This contention is belied by the record. The current 18-month sentence was imposed after Dominguez-Rivera committed a new offense that violated the terms of supervised release imposed in 2009.

Dominguez-Rivera also contends that the revocation sentence is substantively unreasonable because it was imposed to run consecutively to the sentence imposed for his 8 U.S.C. § 1326 conviction. In light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, especially Dominguez-Rivera's breach of the court's trust, the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

To the extent Dominguez-Rivera argues that the maximum term of imprisonment must be reduced under 18 U.S.C. § 3583(e)(3) by the length of any previous terms of imprisonment imposed upon revocation of supervised release, this argument is foreclosed by *United States v. Knight*, 580 F.3d 933, 937-38 (9th Cir. 2009).

**AFFIRMED.**

12-10076