**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50398 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-01164-LAB-1 |
| v. | |
| JAVIER MONTES-RUIZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 26, 2013
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and LEMELLE, District
Judge.[**]

Javier Montes-Ruiz (Montes) appeals the district court's order imposing its

sentence consecutively to an anticipated, but not yet imposed, federal sentence in a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District
Court for the Eastern District of Louisiana, sitting by designation.

separate case. Montes also argues that the district court erred by sentencing him to a term of 24 months' imprisonment for violating supervised release, without crediting time served for a prior revocation.

1.    The statute governing the imposition of multiple sentences provides: "If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is *already subject to* an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . ." 18 U.S.C. § 3584(a) (emphasis added). We have interpreted this language to mean that "district courts cannot order a sentence to run either concurrently or consecutively to a nonexistent term. . . ." *Taylor v. Sawyer*, 284 F.3d 1143, 1148 (9th Cir. 2002) (citations omitted); *see also Reynolds v. Thomas*, 603 F.3d 1144, 1149 (9th Cir. 2010) ("[A] federal court cannot order a sentence to be served concurrently [or consecutively] with a sentence, including a state sentence, that has not yet been imposed.") (citation omitted).

The Supreme Court abrogated the *Taylor* and *Reynolds* rule as it applies to anticipated *state* sentences in *Setser v. United States*, 132 S. Ct. 1463, 1473 (2012). In dicta, however, the court implied that the same rule would not apply to anticipated *federal* sentences. *See id.* at 1471 n. 4. It explained that § 3584, a

2

federal statute, could not vest authority for the necessary "concurrent vs. consecutive" determination in a state court, but might indicate *which of two federal courts* should make the determination. *See id.* at 1471 & n.4. The statute contemplates that this determination be left to the federal court that imposes its sentence last, when the other sentence is "already imposed." *See id.* at 1471 n.4 ("It could be argued that § 3584(a) impliedly prohibits [issuing a prospectively consecutive sentence to an anticipated federal sentence] because it gives that decision to the federal court that sentences the defendant when the other sentence is 'already' imposed – and does not speak (of course) to what a state court must do when a sentence has already been imposed.).

Although the *Setster* dicta is not binding, it comports with the plain meaning of § 3584(a) and our prior interpretation of the statute. *See Taylor*, 284 F.3d at 1148; *see also Reynolds*, 603 F.3d at 1149. Indeed, "as long as we can apply our prior circuit precedent without 'running afoul' of the intervening [higher] authority, we must do so. . . ." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012) (citation omitted). We are also mindful of the deference due Supreme Court dicta. *See United States v. Montero-Camargo*, 208 F.3d 1122, 1132 n. 17 (9th Cir. 2000). In sum, the express distinction between anticipated state and federal sentences articulated in *Setser*, 132 S. Ct. at 1471 n.4, is entirely consistent with

3

the *Taylor / Reynolds* rule as applied to federal sentences. Accordingly, the district court erred in imposing a sentence to run consecutive to another not-yet-imposed federal sentence. *See id.*

2. At sentencing, the district court indicated it would "look at everything anew and impose an appropriate sentence" if the case was remanded. We take the district court at its word and vacate and remand for reconsideration of the sentence imposed. On resentencing, the district court may consider all issues relevant to sentencing, *see United States v. Matthews*, 278 F.3d 880, 885-86 (9th Cir. 2002) (en banc), including the subsequent sentence imposed for Montes' violation of 8 U.S.C. § 1326.

3. Montes' violation of 8 U.S.C. § 1326 constituted a Class C felony. *See* 8 U.S.C. § 1326; *see also* 18 U.S.C. § 3559. Thus, he was subject to a maximum penalty of a 24 months' imprisonment for *"any . . . revocation"* of supervised release. 18 U.S.C. § 3583(e)(3) (emphasis added). "[A] district court is no longer required to reduce the maximum term of imprisonment to be imposed upon revocation by the aggregate length of prior revocation imprisonment terms." *United States v. Knight*, 580 F.3d 933, 937 (9th Cir. 2009). Under this precedent,

4

the district court acted within its authority when imposing a 24-month revocation sentence, irrespective of Montes' prior revocation imprisonment terms. *See id.* at 938 ("[T]he statutory maximum term of imprisonment . . . applies 'on any such revocation.'") (citing 18 U.S.C. § 3583(e)(3)); *see also id.* ("The statutory caps now explicitly apply to each revocation of supervised release.") (citation omitted). Montes was properly advised when originally sentenced that "up to three years of supervised release" could be imposed, and that violation of his release conditions could result in a custodial sentence for "up to the full amount of the supervised release term without any credit for time that you may have been in jail . . ."

**VACATED and REMANDED.**