**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10339 |
| Plaintiff-Appellee, | D.C. No. 1:03-cr-00560-SOM-4 |
| v. | District of Hawaii, Honolulu |
| WALLACE SHIMABUKURO, Jr., AKA Wally Shimabukuro, | ORDER |
| Defendant-Appellant. | |

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and OLGUIN,[*] District Judge.

Appellant's unopposed motion to recall the mandate is GRANTED for the limited purpose of amending the opinion filed on April 12, 2018 as follows: In footnote 3 on page 4 of the slip opinion, the first sentence "The amended version . . . engage in such aggregation" is replaced with "The amended version of § 3583 makes clear that courts no longer need to engage in such aggregation."; and on page 5 of the slip opinion, the phrase "AND REMANDED WITH INSTRUCTIONS THAT DEFENDANT BE IMMEDIATELY RELEASED FROM CUSTODY" is deleted. With the foregoing amendments, the amended

---

[*] The Honorable Fernando M. Olguin, United States District Judge for the Central District of California, sitting by designation.

opinion is hereby filed, and the mandate shall reissue forthwith.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>WALLACE SHIMABUKURO, Jr., AKA<br>Wally Shimabukuro,<br><br>Defendant-Appellant. | No. 17-10339<br><br>D.C. No.<br>1:03-cr-00560-SOM-4<br><br>AMENDED OPINION |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Argued and Submitted April 12, 2018
San Francisco, California

Before: Sidney R. Thomas, Chief Judge, Michelle T. Friedland, Circuit Judge, and Fernando M. Olguin,* District Judge.

PER CURIAM

Defendant Wallace Shimabukuro's appeal of the term of imprisonment

imposed after he violated the conditions of his supervised release requires us to

---

* The Honorable Fernando M. Olguin, United States District Judge for the Central District of California, sitting by designation.

decide whether intermittent confinement counts against the cap 18 U.S.C. § 3583(e)(3) (2002) places on the amount of time "in prison" a district court may impose when revoking a defendant's supervised release.[1]  We hold that it does.

After pleading guilty to a conspiracy that was completed on March 12, 2003, Wallace Shimabukuro served 78 months in prison and was sentenced to 5 years of supervised release.  In February 2009, Shimabukuro began that term of supervised release.  Over the next 8 years, the district court revoked Shimabukuro's supervised release on 3 separate occasions in response to Shimabukuro's violations of the terms of his release.

The first time the court revoked Shimabukuro's release, it sentenced him to 18 months imprisonment and 42 months of supervised release.  The second time, the court imposed a sentence of 1 month of time served and an additional 41 months of supervised release.  As a condition of that period of supervised release, however, the district court "required Shimabukuro to serve 150 days of intermittent

---

[1] Congress amended § 3583 in April 2003, but the parties do not dispute that the pre-amendment version of § 3583—which was in place at the time Shimabukuro committed his offense—governs here.  We accordingly assume that it does. *See Johnson v. United States*, 529 U.S. 694, 700-02 (2000) (concluding that an amendment to § 3583(h) was not retroactive and stating that "[a]bsent a clear statement of [Congressional] intent, we do not give retroactive effect to statutes burdening private interests").

confinement at the Federal Detention Center in Honolulu."[2]  These "150 days were broken up into 50 consecutive weekends beginning on Friday evenings and ending on Sunday afternoons."

The question at issue in this appeal arose when the district court revoked Shimabukuro's release for the third time and sentenced him to 17 months imprisonment with no additional supervised release.  Shimabukuro objected that 17 months in prison—when aggregated with his previous 18-month term of imprisonment, 1 month of time served, and 150 days of intermittent confinement— exceeds 18 U.S.C. § 3583(e)(3)'s cap on the amount of time "in prison" that a district court may impose when revoking a defendant's supervised release.  The district court rejected that argument, reasoning that intermittent confinement does not count as time "in prison."

Shimabukuro repeats this argument on appeal, contending that the district court could at most have sentenced him to 12 months in prison upon the third revocation of supervised release.  We agree with Shimabukuro.

The version of § 3583(e)(3) in effect at the time of Shimabukuro's offense

---

[2] The district court may have erred in imposing intermittent confinement as a condition of supervised release.  *See United States v. Bahe,* 201 F.3d 1124, 1130-34 (9th Cir. 2000) (discussing a clerical error that made it appear that intermittent confinement was an option available to district courts that were revoking supervised release when, in fact, intermittent confinement was likely intended to be excluded).  Shimabukuro did not appeal the imposition of intermittent confinement, however, so that issue is not before us.

provided: "[A] court may . . . revoke a term of supervised release, and require [a] defendant to serve in prison all or part of the term of supervised release authorized by statute" in response to a defendant's violation of a term of supervised release, "except that [the] defendant . . . may not be required to serve . . . more than 3 years *in prison* if such offense is a class B felony." 18 U.S.C. § 3583(e)(3) (emphasis added). Under that provision, to "calculat[e] the maximum term of imprisonment [that could be] impose[d] upon revocation of a defendant's supervised release, the district court[s] [were] required to subtract the aggregate . . . length of any and all terms of revocation imprisonment from the statutory maximum."[3] *United States v. Knight*, 580 F.3d 933, 937 (9th Cir. 2009). Because Shimabukuro's original conviction was for a class B felony, the district court could not sentence him to more than three years "in prison," considered in the aggregate, when it revoked his supervised release.

The 150 days that Shimabukuro spent at the Federal Detention Center constitute time spent "in prison" and thus should have been included in the district court's calculation of the aggregate time it previously had required Shimabukuro to

---

[3] The amended version of § 3583 makes clear that courts no longer need to engage in such aggregation. Under the prior version of the statute applicable here, however, courts aggregated all time "in prison" imposed in relation to revocations of supervised release when considering the maximum time that could be imposed in connection with a subsequent revocation. *United States v. Knight*, 580 F.3d 933, 937 (9th Cir. 2009).

spend "in prison." Any other result would defy the plain language of the statute. *See Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)) ("[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms."). The other authorities cited by the district court and the Government, which address unrelated statutory provisions, are inapposite.

**VACATED. THE MANDATE SHALL ISSUE FORTHWITH.**