**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10057 |
| Plaintiff-Appellee, | D.C. No. 4:13-cr-01427-RM-LCK-1 |
| v. | |
| ISAAC TITO CORONADO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted December 17, 2018**
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and BLOCK,*** District Judge.

The district court sentenced Isaac Coronado to a 19-month term of

imprisonment for violating the terms of his supervised release for a second time.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

The sentence is affirmed.

The district court asked Coronado during the sentencing hearing whether he would prefer 11-months imprisonment with a new term of supervised release, or would prefer a longer term of imprisonment—up to the statutory 24-month maximum—with no subsequent term of supervised release. The district court then continued the sentencing for two weeks so Coronado could consider the options before expressing a preference.

When Coronado returned for sentencing, he stated he preferred the latter option. The district court then sentenced Coronado to a 19-month term of imprisonment with no additional term of supervised release. The court also gave Coronado credit for the time he had already served on the second supervised release violation. It appears from the record that Coronado incorrectly believed that he was entitled to credit for 178 days served on his prior violation of supervised release. Coronado made the district court aware of his misimpression. And Coronado's lawyer asked the court, in light of Coronado's misimpression, to give Coronado credit for time served on the first supervised release violation. The district court declined to alter its sentence.

The district court properly imposed a 19-month sentence. Under 18 U.S.C. § 3583(e)(3), "a district court is no longer required to reduce the maximum term of imprisonment to be imposed upon revocation by the aggregate length of prior

revocation imprisonment terms." *United States v. Knight*, 580 F.3d 933, 937 (9th Cir. 2009). Thus, the court could have lawfully imposed a sentence up to 24 months. It did not need to credit the prior 178-day term of imprisonment imposed on Coronado for his first violations of the terms of supervised release. *Id.*

Nor did the district court abuse its discretion by imposing a sentence above the guideline range of 5-11 months of imprisonment. The sentence was not substantively unreasonable in light of the facts that (1) the court had imposed a sentence well below the guideline range when Coronado was originally sentenced for possessing a firearm as a convicted felon, and (2) his multiple violations of the terms of his supervised release.

Finally, the court did not commit any plain error during the process of considering Coronado's preference for a longer sentence in lieu of additional supervised release. Coronado appears to have believed he was entitled to an additional 178 days of credit. But even if Coronado would have expressed a different preference had he better understood the amount of credit he was entitled, the district court was under no obligation to consider Coronado's preference when imposing a sentence.

**AFFIRMED.**