**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2300 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00484-PJH-1 |
| v. | |
| MANUEL VEGA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted March 17, 2025**

Before:   CANBY, R. NELSON, and FORREST, Circuit Judges.

Manuel Vega appeals from the district court's judgement and challenges the

24-month statutory maximum sentence imposed upon the fifth revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vega contends that his sentence exceeds the maximum allowable sentence

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

because, together with the sentences he received for his previous revocations, his total incarceration time of 112 months[1] exceeds by 19 months his original cumulative sentence of 57 months' imprisonment and 36 months' supervised release. This argument is foreclosed by our decision in *United States v. Knight*, 580 F.3d 933 (9th Cir. 2009). As we explained, Congress' 2003 amendment to 18 U.S.C. § 3583(e)(3) was "intended to ensure that a district court is no longer required to reduce the maximum term of imprisonment to be imposed upon revocation by the aggregate length of prior revocation imprisonment terms." *Id.* at 937. Thus, the district court may impose the statutory maximum sentence without regard for any prior revocation sentences. *See id.* at 937-38. The district court here imposed a legal sentence, and we affirm.

**AFFIRMED.**

---

[1] The parties disagree as to the total length of Vega's prior revocation sentences, some of which overlapped with state sentences. We need not resolve this issue because, even assuming 112 months is correct, Vega's argument fails.