NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6543 |
| Plaintiff - Appellee, | D.C. No. 3:20-cr-08021-MTL-1 |
| v. | |
| CHRISTOPHER LEE MANN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted June 18, 2025[**]

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Christopher Lee Mann appeals from the district court's judgment revoking supervised release and imposing a sentence of 10 months' custody and 31 months' supervised release. Mann challenges a condition prohibiting him from contacting M.V. during his term of supervision. We have jurisdiction under 28 U.S.C. § 1291,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we affirm in part and vacate and remand in part.

Mann contends that he has a fundamental liberty interest in a relationship with M.V., that the district court failed to conduct an individualized review to justify the no-contact condition, and that the record does not support such a restriction. Because Mann did not challenge the no-contact condition in the district court, we review for plain error. *See United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012).

The district court did not plainly err. Although Mann refers to M.V. on appeal his "common law wife," he did not make that claim below or otherwise claim a particularly significant liberty interest in their relationship. Second, unlike in the cases upon which Mann relies, the record amply supported the contact restriction. Finally, the court did not err in relying on the uncontested record of Mann's history of domestic violence involving M.V. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009) ("The district court may consider a wide variety of information at sentencing that could not otherwise be considered at trial and is not bound by the rules of evidence." (internal citations omitted)).

However, we vacate the 31-month term of supervised release and remand for the district court to consider whether the term should be reduced to no more than 21 months (36 months, less the 5 months imposed on his first revocation and the

24-6543

10 months imposed on the second revocation). *See* 18 U.S.C. § 3583(h) ("The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."); *United States v. Knight*, 580 F.3d 933, 938-40 (9th Cir. 2009).

**AFFIRMED in part; VACATED and remanded in part.**