NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-7030 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00860-LEK-3 |
| v. | |
| OPHERRO JONES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 22, 2026**

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Opherro Jones appeals from the sentence of 8 months' imprisonment and 12 months' supervised release imposed upon revocation of supervised release.

Jones's counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), stating that there are no non-frivolous arguments for appeal. Jones has filed

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pro se supplemental briefs.

Our independent review of the record, *see Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no non-frivolous arguments to be made on direct appeal.

Jones's pro se contention that the district court erred by imposing a 12-month term of supervised release is unavailing. Because the aggregate length of Jones's imprisonment for his three revocation sentences was 24 months, the court was permitted to impose 12 months of supervision. *See* 18 U.S.C. § 3583(h); *United States v. Knight*, 580 F.3d 933, 938-40 (9th Cir. 2009). Moreover, Jones is incorrect that the district court was not permitted to extend his new supervised release term beyond September 21, 2026. *See* 18 U.S.C. §§ 3583(e)(3), 3624(e); *Knight*, 580 F.3d at 937-38; *cf. United States v. Johnson*, 529 U.S. 53, 57 (2000) (holding that supervised release commences upon release from imprisonment because "[s]upervised release does not run while an individual remains in the custody of the Bureau of Prisons."). Finally, the 12-month term of supervision is substantively reasonable given the totality of the circumstances and the § 3583(e) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

However, we remand the case to the district court with instructions to correct the written judgment. At the revocation hearing, the court unconditionally waived interest on restitution. Because the oral pronouncement of the sentence controls, we remand solely for the district court to amend Special Condition 7 to make it

consistent with the unambiguous oral pronouncement of sentence. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015).

Counsel's motion to withdraw is granted.

Within seven days, appellee must serve this disposition on appellant individually and provide this court with proof of service.

**AFFIRMED; REMANDED to correct the judgment.**

25-7030