**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAOFEI CHENG,

Defendant - Appellant.

No. 25-7258

D.C. No.
6:24-cr-00256-MTK-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, District Judge, Presiding

Submitted June 22, 2026[**]

Before:    CANBY, BENNETT, and BADE, Circuit Judges.

Shaofei Cheng appeals from the district court's judgment revoking his supervised release and challenges the 36-month term of supervised release imposed to follow 11 months of imprisonment. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

The maximum supervised release term authorized for Cheng's underlying offense of conviction is 36 months. *See* 18 U.S.C. §§ 876(c), 3581(b)(3), 3583(b)(2). As the parties agree, the district court erred by failing to reduce this term by the 11-month carceral sentence. *See* 18 U.S.C. § 3583(h) ("[A] term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."); *United States v. Knight*, 580 F.3d 933, 938-40 (9th Cir. 2009). We therefore vacate the judgment and remand solely for the district court to reduce the supervised release term to no more than 25 months.

**VACATED and REMANDED.**